DOUGLAS R. SCHWARTZ (State Bar No. 98666)
PETRA M. REINECKE (State Bar No. 154482).
SCOTT R. LOVERNICK (State Bar No. 233755)
SCHWARTZ & CERA LLP
44 Montgomery Street, Suite 3850
San Francisco, California 94104
Telephone: (415) 956-2600
Facsimile: (415) 438-2655

Attorneys for Defendants
U.S. PARKING, INC. and
CIHAT ESREFOGLU

**ORIGINAL FILED**

APR 2 3 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

**E-filing**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

**WHA**

IBRAHIM E. KURTCU, on behalf of
himself and others similarly situated,

Plaintiff,

vs.

U.S. PARKING, INC., a corporation;
CIHAT ESREFOGLU, an individual; and
DOES 1 through 10, inclusive,

Defendants.

**CV. 08 2113**

Case No.

(San Francisco Superior Court Case No.
CGC08-473240)

**NOTICE TO FEDERAL COURT OF
REMOVAL OF CIVIL ACTION FROM
STATE COURT PURSUANT TO 28
U.S.C. SECTIONS 1441 AND 1446**

TO THE CLERK OF THE DISTRICT COURT FOR THE NORTHERN DISTRICT OF
CALIFORNIA AND TO PLAINTIFF IBRAHIM E. KURTCU AND HIS ATTORNEYS:

PLEASE TAKE NOTICE that Defendants U.S. PARKING, INC. and CIHAT
ESREFOGLU (hereinafter "Defendants") hereby effect the removal of the below-referenced
action from the Superior Court of the State of California for the County of San Francisco to the
United States District Court for the Northern District of California.

Removal is based on 28 U.S.C. sections 1441(b) and 1446 on the following grounds:

## STATEMENT OF JURISDICTION

1.    This Court has subject matter jurisdiction over this civil action pursuant to 28 U.S.C. section 1331, which provides for original jurisdiction in the federal courts of all civil actions arising under the Constitution, laws, or treaties of the United States, and 28 U.S.C. section 1337(a) as an action arising under any act of Congress regulating commerce. This case is brought under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. sections 207 *et seq*. As such, this action is one that may be removed to this Court by defendants pursuant to 28 U.S.C. sections 1441(b) without regard to the citizenship or residence of the parties. This Court also has supplemental jurisdiction over plaintiff's state law claims pursuant to 28 U.S.C. section 1367.

2.    Venue is proper in the United States District Court for the Northern District of California pursuant to 28 U.S.C. section 1391, because defendants are residents of San Francisco, California, and because a substantial part of the alleged events giving rise to plaintiff's alleged claims occurred in this district.

3.    Pursuant to Civil Local Rule 3-2(c) and (d), this action is properly assigned to the San Francisco Division because a substantial part of the alleged events giving rise to the alleged claims occurred in San Francisco, California.

## PLEADINGS AND PROCEDURE

4.    On or about March 12, 2008, plaintiff filed an original complaint in the Superior Court of the State of California, County of San Francisco entitled *Ibrahim E. Kurtcu, on behalf of himself and others similarly situated vs. U.S. Parking, Inc., a Corporation; Cihat Esrefoglu, an individual; and Does 1 through 10, inclusive*, Case No. CGC08-473240 (hereinafter "Complaint"). Plaintiff and the members of the putative class are current and former employees of defendant U.S. Parking in the State of California who were or are employed as parking lot attendants.

5.    The Complaint asserts six (6) causes of action for (1) failure to pay overtime and premium pay under the FLSA and California law; (2) failure to timely pay all wages due under California law; (3) failure to provide meal and rest periods under California law; (4) failure to

provide itemized wage statements under California law; (5) failure to pay all wages to separated employees under California law; and (6) unfair competition under California law.

6. This action has been styled as a class action pursuant to California Code of Civil Procedure section 382. Complaint ¶17. California Code of Civil Procedure section 382 is a state statute authorizing an action by one or more representative persons as a class action.

7. A copy of the Complaint, Summons, Notice of Case Assignment, Stipulation, ADR Information, and Civil Case Cover Sheet was delivered to defendants attorneys with a Request for Notice and Acknowledgement of Receipt on or about March 24, 2008. True and correct copies all such documents are attached hereto collectively as Exhibit A. Defendants acknowledged receipt of the Summons and Complaint on March 27, 2008.

8. No further proceedings have been heard in the Superior Court for the State of California, County of San Francisco.

## TIMELINESS OF REMOVAL

9. This Notice of Removal is timely in that it has been filed within thirty (30) days of Defendants' first receipt of the Summons and Complaint.

## NOTICE TO PLAINTIFF

10. Contemporaneously with the filing of this Notice of Removal in the United States District Court for the Northern District of California, written notice of such filing will be served on plaintiff's counsel of record: Jack W. Lee and John Ota, Minami Takami LLP. In addition, a copy of this Notice of Removal will be filed with the Clerk of the Court for the Superior Court of the State of California, County of San Francisco.

WHEREFORE, having provided notice as required by law, the above-entitled action should be removed from the Superior Court of the State of California, County of San Francisco.

DATED: April 23, 2008

Respectfully submitted,

PETRA M. REINECKE
Attorney for Defendants
U.S. PARKING, INC. and
CIHAT ESREFOGLU

- 3 -

# EXHIBIT A

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

| | FOR COURT USE ONLY<br>*(SOLO PARA USO DE LA CORTE)* |
|---|---|

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
U.S. PARKING INC., a Corporation; CIHAT ESREFOGLU, an individual; and DOES 1 through 10, inclusive.

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
IBRAHIM E. KURTCU; on behalf of himself and others similarly situated.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.
There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.
Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>San Francisco Superior Court<br>400 McAllister Street<br>San Francisco, CA 94102 | CASE NUMBER:<br>*(Número del Caso):* CGC-08 - 473240 |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Jack W. Lee and John Ota
MINAMI TAMAKI LLP, 360 Post Street, 8th Floor, San Francisco, CA 94108 (415) 788-9000

| DATE: MAR 1 2 2008 | GORDON PARK-LI | CRISTINA E. BAUTISTA | |
|---|---|---|---|
| *(Fecha)* | *(Secretario)* | | , Deputy<br>*(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)      ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

[SEAL]

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 (Rev. January 1, 2004)

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
American LegalNet, Inc. | www.USCourtForms.com

JACK W. LEE, SBN 71626
JOHN OTA, SBN 195532
MINAMI TAMAKI LLP
360 Post Street, 8ᵗʰ Floor
San Francisco, CA 94108
Tel. (415) 788-9000
Fax (415) 398-3887

Attorneys for Plaintiff

ENDORSED
F I L E D
Superior Court of California
County of San Francisco

MAR 1 2 2008

GORDON PARK-LI, Clerk
By: CRISTINA E. BAUTISTA
Deputy Clerk

CASE MANAGEMENT CONFERENCE SET

AUG 1 5 2008 - 9ᵃᵐ AM

IN THE SUPERIOR COURT IN THE STATE OF CALIFORNIA

DEPARTMENT 212

FOR THE COUNTY OF SAN FRANCISCO

(UNLIMITED JURISDICTION)

| | |
|---|---|
| IBRAHIM E. KURTCU, on behalf of himself and others similarly situated, <br><br> Plaintiff, <br><br> vs. <br><br> U.S. PARKING, INC., a Corporation; CIHAT ESREFOGLU, an individual; and DOES 1 through 10, inclusive, <br><br> Defendants. | Case No. CGC-08- 473240 <br><br> **CLASS ACTION COMPLAINT** <br><br> 1.   **FAILURE TO PAY OVERTIME AND PREMIUM PAY** <br> 2.   **FAILURE TO TIMELY PAY ALL WAGES DUE** <br> 3.   **FAILURE TO PROVIDE MEAL AND REST PERIODS** <br> 4.   **FAILURE TO PROVIDE ITEMIZED WAGE STATEMENT** <br> 5.   **FAILURE TO PAY ALL WAGES TO SEPARATED EMPLOYEES** <br> 6.   **UNFAIR COMPETITION** <br><br> **JURY TRIAL DEMANDED** |

Plaintiff IBRAHIM E. KURTCU complains and alleges as follows:

### THE PARTIES

1.   Plaintiff IBRAHIM E. KURTCU is, and at all times relevant herein was, an adult California resident employed by defendant U.S. PARKING, INC. in San Francisco.

2.   Plaintiff KURTCU and the putative class are and were parking lot attendants who are not exempt from receiving overtime pay. Plaintiff and the putative class are and were at all times relevant herein, entitled to overtime and double-time premium wages if they worked the required hours.

3.     Defendant U.S. PARKING, INC. ("U.S. PARKING") is a corporation operating in and registered as a corporation with the State of California with a business address of 5145 Diamond Heights Boulevard, San Francisco, CA 94131.

4.     On information and belief, defendant CIHAT ESREFOGLU is, and all times relevant herein was, the sole owner, shareholder and director of U.S. PARKING, INC., and a resident of San Francisco, CA. At all relevant times herein, DEFENDANTS were the agents of each other and acting within the course and scope of their agency.

5.     Plaintiff is ignorant of the true names and capacities of Defendants sued herein as DOES 1 through 10, inclusive, and therefore sues these Defendants by such fictitious names. Plaintiff will amend this complaint to allege their true names and capacities when ascertained. Plaintiff is informed and believes and thereupon alleges that each of the fictitiously named Defendants is responsible in some manner for the occurrences alleged herein and that Plaintiff's damages as herein alleged are proximately caused by such occurrences.

## JURISDICTION AND VENUE

6.     This Court is the proper Court, and this action is properly filed in the County of San Francisco, because some of DEFENDANTS' obligations and liability arose therein, because DEFENDANTS maintain offices and operations within the County of San Francisco, and because injuries sustained by Plaintiff and the putative class that are the subject of this action occurred in part in the County of San Francisco.

## BACKGROUND FACTS

7.  Defendant U.S. PARKING employs over 100 individuals at numerous U.S. PARKING parking lots, almost all of which are in San Francisco, CA.  Most of the U.S. PARKING employees work as parking lot attendants and most employees are recent immigrants from Turkey, Russia, or the Philippines, with limited understanding of federal, state and local laws, including those governing the right to overtime and double time premium pay.  Defendant CIHAT ESREFOGLU, on information and belief, is the sole owner, shareholder and director of U.S. PARKING, INC., and is the alter ego of defendant U.S. PARKING.

8.  Plaintiff IBRAHIM KURTCU, an immigrant from Turkey, has worked for defendant

- 2 -

CLASS ACTION COMPLAINT

1  U.S. PARKING as a parking lot attendant for about five or six years and remains employed by
2  U.S. PARKING.

3      9.     The duties of a parking lot attendant are to collect parking fees, to park and move
4  cars and to keep an eye on the parked cars and the parking lot. The position of parking lot
5  attendant is a non-exempt position with regard to overtime pay.

6      10.    Plaintiff KURTCU , like other parking lot attendants employed by U.S. PARKING,
7  often worked 12 hours or more per day and also often worked six or seven days per week. Their
8  supervisors were aware that KURTCU and other parking attendants were working such long hours
9  because the employees reported their hours on timesheets that they turned in to their supervisors,
10  and for other reasons. Despite these long hours, until on or about January 1, 2007, defendants
11  willfully failed to pay plaintiff KURTCU and other parking lot attendants at one-and-a-half times
12  their regular rate of pay when required by law, and failed to pay parking lot attendants at double
13  the regular rate of pay when required by law.

14      11.    Defendant U.S. PARKING willfully failed to pay plaintiff KURTCU and other
15  parking attendants all of their regular time wages for all hours they worked on a timely basis as
16  required by law. Instead, U.S. PARKING paid plaintiff KURTCU and other parking attendants at
17  less than their regular hourly rate of pay established by contract.

18      12.    In addition, defendant U.S. PARKING willfully failed to pay plaintiff KURTCU
19  and other parking attendants the full wages and compensation they were due by contract, insofar as
20  U.S. PARKING failed to pay plaintiff KURTCU and other parking attendants for their vacation
21  time, holiday pay, sick and hospital leave pay, other paid leaves of absence (for jury duty,
22  subpoenas, bereavement and voting), health, dental-orthodontia, prescription drug, vision, accident,
23  sick, disability and life insurance, pension, 401k benefits, commuter check, free uniforms, boots,
24  tools and rain gear, plus maintenance of same, and other benefits – that they were entitled to.
25  Plaintiff KURTCU and other parking attendants were harmed by U.S. PARKING's actions in
26  many ways, including but not limited to they sometimes were forced to purchase these benefits
27  separately or they had to pay much more for services, such as medical or dental services, because
28  they lacked insurance coverage due to Defendants' actions.

CLASS ACTION COMPLAINT

13.     Defendant U.S. PARKING issued plaintiff KURTCU and other parking attendants wage statements showing only a fraction of the actual hours they worked.   At the same time, defendant U.S. PARKING paid plaintiff KURTCU and other parking attendants in cash for some, but not all of the remaining hours they worked.  U.S. PARKING did this apparently in order to pay less than required by law for the benefits and taxes of plaintiff KURTCU and other parking attendants.  However, as a consequence of this system of paying some wages "under the table," plaintiff KURTCU and other parking attendants have been harmed or will be harmed because the benefits they have received or will receive, including, but not limited to unemployment insurance, disability insurance, workers compensation and social security benefits – depend on the amount of wages officially reported to the state and federal governments.

14.     Defendant U.S. PARKING also failed to ensure that plaintiff KURTCU and other parking lot attendants had meal and rest period breaks as required by law, in which they were free of work responsibilities.  As a consequence, plaintiff and other parking attendants were forced to work during their rest periods and eat while they worked during their meal periods.

15.     On information and belief, when parking lot attendants were terminated, laid off or resigned from their jobs with defendant U.S. PARKING, they were not paid all the wages they had earned at the time their employment ended or within 72 hours of the time their employment ended.

16.     Many, if not most of U.S. PARKING's parking lots lack bathrooms, lunch rooms, running water, electricity and shelter from the elements.  This means that plaintiff KURTCU and other parking attendants have to work in the rain and cold with little or no protection, leading in some cases to injuries, illness or aggravation of existing conditions.

**CLASS ALLEGATIONS**

17.     Plaintiff brings this action pursuant to Code of Civil Procedure section 382 on behalf of a class of all past and present employees of defendants at U.S. PARKING who are working or have worked as parking lot attendants; were denied timely payment of some or all of their regular, overtime and double-time premium wages, including benefits; who suffered or will suffer from U.S. PARKING's failure to pay all legally required employer taxes and contributions as required by state and federal laws; who were forced to work during their meal and rest periods;

1  and who were not paid all wages they earned up to the time their employment with U.S.

2  PARKING ended or within 72 hours thereof.

3      18.    Plaintiff KURTCU is a member of the class he seeks to represent.

4      19.    The numbers of the class identified herein are so numerous that joinder of all

5  members is impracticable.  The number of class members is currently indeterminate, but is

6  certainly larger than can be addressed through joinder.  Upon information and belief, plaintiff

7  estimates that the class will include more than 100 persons.

8      20.    There are questions of law and fact common to the class, and these questions

9  predominate over any questions affecting only individual members.  Common questions include,

10  but are not necessarily limited to these:

11      (1)    whether plaintiff and putative class members worked more than eight hours

12          per day with the actual or constructive knowledge of their supervisors;

13      (2)    whether plaintiff and putative class members worked more than 12 hours per

14          day with the actual or constructive knowledge of their supervisors;

15      (3)    whether plaintiff and putative class members worked seven days consecutive

16          days in a work week with the actual or constructive knowledge of their

17          supervisors;

18      (4)    whether defendants failed to pay plaintiff and putative class members,

19          within the time periods required by law, all of the wages they were due at

20          proper contract hourly rate based on length of each person's employment;

21      (5)    whether, within the time periods required by law, defendants failed to pay

22          for all benefits plaintiff and putative class members were entitled to,

23          including, but not necessarily limited to: vacation time, holiday pay, sick and

24          hospital leave pay, other paid leaves of absence (for jury duty, subpoenas,

25          bereavement and voting), health, dental-orthodontia, prescription drug,

26          vision, accident, sick, disability and life insurance, pension, 401k benefits,

27          commuter check and other benefits;

28      (6)    whether defendants failed to pay all of the employer taxes, contributions

- 5 -

1  and other amounts required by law for state and federal programs such as,
2  but not limited to social security, state disability, unemployment insurance
3  and workers compensation insurance, for each plaintiff and putative class
4  member;

5  (7)  whether defendants failed to comply with laws requiring employers to
6  provide plaintiff and putative class members with accurate, itemized wage
7  statements for each pay period;

8  (8)  whether defendants failed to ensure that plaintiff and putative class members
9  were relieved of all work responsibilities during the meal and rest periods
10  required by law;

11  (9)  whether defendants failed to pay all wages due to plaintiff and putative class
12  members who left employment at U.S. PARKING at the time they left or
13  within 72 hours of their last day of work;

14  (10)  whether an award of injunctive relief, restitution and other equitable
15  remedies and penalties is warranted.

16  21.  The claims of the Named Plaintiff are typical of the claims of the class.

17  22.  The Named Plaintiff will fairly and adequately represent and protect the interests
18  of the members of the class.  Plaintiff has retained counsel competent and experienced in complex
19  class actions, in California wage and hour law, and in unfair competition law.

20  23.  Class certification is appropriate because common questions of law and fact
21  predominate over any questions affecting only individual members of the class, and because a class
22  action is superior to other available methods for the fair and efficient adjudication of this litigation.
23  Putative class members have been injured and are entitled to recovery as a result of defendants'
24  unlawful practices.

25  **FIRST CAUSE OF ACTION**
**(Failure to Pay Overtime, Cal. Labor Code, and 1194, Fair Labor Standards Act)**
26  **(On Behalf of Plaintiff and All Class Members)**

27  24.  Plaintiff realleges and incorporates paragraphs 1 through 23, inclusive, as though
28  fully set forth herein.

- 6 -

25.    Labor Code § 510 requires that employers pay all non-exempt employees an overtime premium, calculated as a multiple of the employees "Regular Rate" of pay (as defined in the Labor Code and California Code of Regulations), for all time worked in excess of eight (8) hours in a day and (40) hours in a week, and a double-time premium for all hours worked in excess of twelve (12) hours in a day and after the eighth hour of work on the seventh consecutive work day.

26.    Labor Code § 515(d) requires that where a non-exempt employee is paid a salary rather than an hourly wage, the "Regular Rate" of pay for the purposes of calculating overtime shall be 1/40th of the employees weekly salary, and including all applicable bonuses and other remuneration. Labor Code § 1194 provides a private right of action to recover all unpaid overtime compensation, interest and attorneys fees and costs.

27.    The Fair Labor Standards Act (FLSA) requires that all hours in excess of 40 hours per work week be compensated at one-and-a-half times the regular rate of pay. The FLSA provides a private right of action to recover all unpaid overtime compensation, liquidated damages, interest and attorneys fees and costs.

28.    DEFENDANTS, pursuant to a policy and practice in place since a date unknown but at least since January 2002, failed to pay plaintiff KURTCU and other parking attendants overtime and double-time wages for all overtime and double-time hours worked by unlawfully misclassifying them as exempt employees.

29.    DEFENDANTS' failure to pay overtime and double-time wages, has resulted in a loss of wages for plaintiff KURTCU and other parking attendants, in an amount to be ascertained from DEFENDANTS' own records and other evidence.

Wherefore, Plaintiff pray for judgment as set forth below.

## SECOND CAUSE OF ACTION
**(Failure to Timely Pay All Wages Due – Cal. Labor Code §§ 204, 223)**
**(On Behalf of Plaintiff and All Class Members)**

30.    Plaintiff incorporates by reference paragraphs 1 through 29, inclusive, as though fully alleged herein.

31.    Plaintiff KURTCU and other parking attendants are or were employed by defendant

- 7 -

U.S. PARKING on a full-time basis and satisfactorily performed all work requested or required of them by U.S. PARKING throughout their employment.

32.    Plaintiff KURTCU and other parking attendants were entitled to be paid on a twice a month or once a month basis all the wages they earned in the previous pay period according to contract, including benefits such as vacation time, holiday pay, sick and hospital leave pay, other paid leaves of absence (for jury duty, subpoenas, bereavement and voting), health, dental-orthodontia, prescription drug, vision, accident, sick, disability and life insurance, pension, 401k benefits, commuter check benefits and free uniforms, boots, tools and rain gear, plus maintenance of same.

33.    Defendant U.S. PARKING willfully failed to pay plaintiff and other parking attendants all wages, including benefits, they had earned, as required by Labor Code section 223 at the times required by Labor Code section 204.

34.    Defendant CIHAT ESREFOGLU is individually liable for plaintiff's and other parking attendants' unpaid wages because he has improperly treated U.S. PARKING as his alter ego by failing to observe corporate formalities and attempting to assert his own personal control over all corporate assets in violation of the corporate bylaws, and also because he is an employer within the meaning of the FLSA.

35.    Accordingly, plaintiff and other parking attendants are entitled to recover all unpaid wages, including benefits, in an amount to be proven at trial.

Wherefore, Plaintiff prays for judgment as set forth below.

### THIRD CAUSE OF ACTION
**(Failure to Provide Meal and Rest Periods, Cal. Labor Code § 226.7, Wage Order 9)**
**(On Behalf of Plaintiff and All Class Members)**

36.    Plaintiff realleges and incorporates paragraphs 1 through 39, inclusive, as though fully set forth herein.

37.    Labor Code § 226.7 states that no employer shall require any employee to work through any meal or rest period mandated by the applicable Wage Order of the Industrial Wage Commission. Wage Order 9 covers all non-exempt employees working in transportation operations

1    and services, including garages and parking lots.

2        38.    Wage Order 9 mandates that all covered employees working more than six hours

3    per day receive one uninterrupted thirty (30) minute meal period in which the employees are

4    relieved of all duty, for every five (5) hours worked, as well as a ten (10) minute rest period for

5    every four (4) hours worked.

6        39.    Plaintiff KURTCU and other parking attendants were not provided with all required

7    meal and rest periods, and were often required to work far longer than is permitted without

8    receiving any break whatsoever.

9        40.    Under Labor Code § 226.7, if an employer fails to provide an employee with a

10    mandated meal or rest period, the employer is liable to the employee for one hour of compensation

11    at the employees' regular rate of pay for each work day a meal or rest period was not provided.

12        41.    Plaintiff KURTCU and the putative class have been injured by DEFENDANTS'

13    unlawful conduct alleged herein, and seek recovery of all compensation due to them under Wage

14    Order 7 and Labor Code § 226.7.

15        Wherefore, Plaintiff prays for judgment as set forth below.

16        **FOURTH CAUSE OF ACTION**
        **(Failure to Provide Accurate Itemized Wage Statements,**
17        **Cal. Labor Code § 226, IWC Order 7)**
        **(On Behalf of Plaintiff and All Class Members)**

18

19        42.    Plaintiff realleges and incorporates paragraphs 1 through 41, inclusive, as though

20    fully set forth herein.

21        43.    California Labor Code § 226 provides, in relevant part, that every employer must

22    furnish each employee with an itemized wage statement that shows the total number of hours

23    worked by each employee during each pay period, their gross wages, all deductions, all applicable

24    hourly rates of pay and other information.

25        44.    In violation of Labor Code § 226, defendants willfully underreported the total hours

26    worked, gross wages and applicable hourly rates on the wage statements given to plaintiff

27    KURTCU and other parking attendants. This requirement violates.

28        45.    Labor Code § 226 provides that an employee suffering injury as a result of not

1   being provided with an accurate itemized wage statement is entitled to recover the greater of all

2   actual damages suffered or fifty ($50) dollars for the initial violation and one-hundred ($100)

3   dollars for each subsequent violation.

4       46.     Plaintiff KURTCU and the putative class were injured by not receiving accurate

5   itemized wage statements, and seek to recover the penalties provided for by Labor Code § 226.

6       Wherefore, Plaintiff prays for judgment as set forth below.

7                              **FIFTH CAUSE OF ACTION**
        **(Failure to Pay All Wages to Discharged and Quitting Employees,**
8            **Cal. Labor Code § 201, 202 and 203, Wage Order 9)**
             **(On Behalf of Plaintiff and All Class Members)**
9

10      47.     Plaintiff realleges and incorporates paragraphs 1 through 46, inclusive, as though

11  fully set forth herein.

12      48.     Labor Code § 201 provides that any discharged employee is entitled to all wages

13  due at the time of discharge. Labor Code § 202 provides that any employee who quits or resigns is

14  entitled to all wages due within 72 hours of their resignation.

15      49.     Where an employer willfully fails to pay discharged or quitting employees all wages

16  due as required under the Labor Code, the employer is liable to such employees under Labor Code

17  § 203 for waiting time penalties in the amount of one day's compensation at the employees regular

18  rate of pay for each day that the wages are withheld, up to thirty (30) days.

19      50.     By failing to pay all regular, overtime and double-time wages to Plaintiff and other

20  members of the putative class who left DEFENDANTS' employ, DEFENDANTS have violated

21  the Labor Code, and are therefore liable to Plaintiff and the putative class for waiting time

22  penalties as required by Labor Code § 203. Plaintiff and all eligible members of the putative class

23  hereby seek recovery of such penalties.

24      Wherefore, Plaintiff prays for judgment as set forth below.

25                             **SIXTH CAUSE OF ACTION**
        **(Unfair Business Practices, Cal. Bus. & Prof. Code § 17200 et seq.)**
26           **(On Behalf of Plaintiff and All Class Members)**

27      51.     Plaintiff realleges and incorporates paragraphs 1 through 50 inclusive, as though set

28  forth fully herein.

CLASS ACTION COMPLAINT

52.    California Business and Professions Code section 17200 <u>et seq.</u> prohibits unfair competition in the form of any unlawful, unfair, deceptive, or fraudulent business practices.

53.    Beginning at an exact date unknown to Plaintiff and the putative class members, but at least since February 2003, DEFENDANTS committed unlawful acts as defined by California Business and Professions Code section 17200.  DEFENDANTS' unlawful and unfair business practices include, but are not necessarily limited to, violation of the requirements of California Labor Code §§ 201, 202, 223, 226, 226.7, 510, 515 and 1194, Industrial Wage Commission Orders, FLSA, and federal and state laws requiring employers to pay taxes and/or other contributions to employees' social security, state disability, unemployment insurance and other benefit programs.

54.    The conduct constituting violation of the California Labor Code, FLSA, the Wage Orders, and federal and state laws requiring employers to pay taxes and/or other contributions to employees' social security, state disability, unemployment insurance and other  benefit programs serve as unlawful predicate acts for purposes of Business and Professions Code section 17200, and remedies are provided under Business and Professions Code section 17203.

55.    As a direct and proximate result of the aforementioned acts, Plaintiff and the members of the putative class were injured and suffered the loss of money in the amounts of unpaid regular, overtime and double-time wages and benefits they are entitled to receive.  Plaintiff and the members of the putative class were also forced to pay incur expenses they would not have had to incur had it not been for defendants' unlawful acts as described in this Complaint.

56.    Business and Professions Code section 17203 provides that the Court may restore to any person in interest any money or property which may have been acquired by means of such unfair competition.  Plaintiff and the putative class are entitled to restitution pursuant to Business and Professions Code section 17203 and 17208 for all wages unlawfully withheld from them as a result of DEFENDANTS' unlawful and unfair conduct.

57.    Success in this action will enforce important rights affecting the public interest. Plaintiff and the putative class seek, and are entitled to, injunctive relief as well as all other appropriate equitable remedies. Injunctive relief is necessary and appropriate to prevent

1    DEFENDANTS from repeating the wrongful business practices alleged herein.

2         58.    Plaintiff herein takes upon himself enforcement of these laws and lawful claims.

3    There is a financial burden incurred in pursuing this action and it would be against the interests of

4    justice to penalize Plaintiff by making them pay attorneys fees and costs out of the recovery of

5    their unpaid wages. Therefore, Plaintiff seek an award of attorneys fees and costs pursuant to

6    California Code of Civil Procedure § 1021.5.

7         Wherefore, Plaintiff prays for judgment as set forth below.

8                    **ALLEGATIONS RELATED TO RELIEF**

9         59.    Plaintiff realleges and incorporates paragraphs 1 through 58, inclusive, as though

10   fully set forth herein.

11        60.    Plaintiff and the class they seek to represent, have no plain, adequate, or complete

12   remedy at law to redress the wrongs alleged herein, and the injunctive relief sought in this action is

13   the only means of securing complete and full relief. Plaintiff and the putative class are now

14   suffering and will continue to suffer irreparable injury from DEFENDANTS' unfair and unlawful

15   acts and omissions.

16        61.    DEFENDANTS' actions have caused and continue to cause Plaintiff and the

17   putative class they seek to represent substantial losses in earnings and other employment benefits.

18                         **PRAYER FOR RELIEF**

19        Plaintiff, on behalf of himself and all other members of the putative class, prays for

20   judgment as follows:

21        62.    Certification of the action as a class action on behalf of the proposed class;

22        63.    Designation of Named Plaintiff IBRAHIM E. KURTCU as representative of the

23   class;

24        64.    Designation of Named Plaintiff's chosen counsel as class counsel for all class

25   members;

26        65.    Preliminary, permanent and mandatory injunctive relief prohibiting

27   DEFENDANTS, their officers, agents, and all those acting in concert with them, from committing

28   in the future those violations of law herein alleged;

66.    Payment of all wages, including overtime pay, double time pay, vacation pay and all benefits unlawfully withheld by Defendants from Plaintiff and putative class members;

67.    Economic, special, general, compensatory, consequential and punitive damages to the extent permitted by law;

68.    Restitution to Plaintiff and all putative class members of regular, overtime and double-time wages due, including all benefits;

69.    Disgorgement of defendants' profits from their unlawful activities;

70.    Costs incurred herein, including reasonable attorney's fees, under Code of Civil Procedure § 1021.5, Labor Code § 1194, the Wage Orders and to the extent allowable by law;

71.    All statutory penalties permitted, including but not limited to waiting time penalties under Labor Code § 203;

72.    Liquidated damages as permitted under the Labor Code and/or FLSA;

73.    Prejudgment and post-judgment interest, as provided by law, and;

74.    Such other and further legal and equitable relief as this Court deems necessary, just and proper.

Dated: _March 12, 2008              Respectfully submitted,

                                    MINAMI TAMAKI LLP


                                    By:  _____
                                         JOHN OTA
                                         Attorneys for Plaintiff

### DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury as to all issues for which he has a right to trial.

Dated: _March 12, 2008              Respectfully submitted,

                                    MINAMI TAMAKI LLP


                                    By:  _____
                                         JOHN OTA
                                         Attorneys for Plaintiff

- 13 -

## NOTICE TO PLAINTIFF

A Case Management Conference is set for

| | | |
|---|---|---|
| **DATE:** | **AUG-15-2008** | |
| **TIME:** | **9:00AM** | |
| **PLACE:** | **Department 212** | |
| | **400 McAllister Street** | |
| | **San Francisco, CA  94102-3680** | |

All parties must appear and comply with Local Rule 3.

CRC 3.725 requires the filing and service of a case management statement form CM-110 no later than 15 days before the case management conference.

However, it would facilitate the issuance of a case management order **without an appearance** at the case management conference if the case management statement is filed, served and lodged in Department 212 twenty-five (25) days before the case management

Plaintiff must serve a copy of this notice upon each party to this action with the summons and complaint. Proof of service subsequently filed with this court shall so state.

### ALTERNATIVE DISPUTE RESOLUTION POLICY REQUIREMENTS

**IT IS THE POLICY OF THE SUPERIOR COURT THAT EVERY CIVIL CASE PARTICIPATE IN EITHER MEDIATION, JUDICIAL OR NON-JUDICIAL ARBITRATION, THE EARLY SETTLEMENT PROGRAM OR SOME SUITABLE FORM OF ALTERNATIVE DISPUTE RESOLUTION PRIOR TO A MANDATORY SETTLEMENT CONFERENCE OR TRIAL. (SEE LOCAL RULE 4)**

Plaintiff must serve a copy of the Alternative Dispute Resolution Information Package on each defendant along with the complaint.  All counsel must discuss ADR with clients and opposing counsel and provide clients with a copy of the Alternative Dispute Resolution Information Package prior to filing the Case Management Statement.

**[DEFENDANTS: Attending the Case Management Conference does not take the place of filing a written response to the complaint. You must file a written response with the court within the time limit required by law. See Summons.]**

Superior Court Alternative Dispute Resolution Coordinator
400  McAllister Street, Room 103
San Francisco, CA  94102
(415) 551-3876

See Local Rules 3.6, 6.0 C and 10 D re stipulation to commissioners acting as temporary judges

1

2

3

**FILED**

San Francisco County Superior Court

OCT 2 3 2007

GORDON PARK-LI, Clerk

BY: _____

Deputy Clerk

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SAN FRANCISCO

DEPARTMENT 304

In re:                                    )
                                          )
COMPLEX LIGITATION                        )
                                          )    **AMENDED GENERAL ORDER RE:**
                                          )    **PROCEDURE FOR APPROVAL OF**
                                          )    **COMPLEX LITIGATION DESIGNATION**
                                          )
                                          )    The Honorable Richard A. Kramer
                                          )
                                          )
                                          )
_____    )

    This Order shall apply to any case designated as a Complex Case on the Civil Case Cover Sheet (Judicial Council Form CM-010, Rule 3.220, Cal. Rules of Court) filed in San Francisco Superior Court.  As to all such cases:

    1. The fee(s) required by California Government Code section 70616 shall be paid upon filing such designation.

    2. No case shall be assigned to the Complex Litigation Department until an Application For Approval of Complex Litigation Designation has been made in accordance with this Order, and the Court has ordered the case so assigned.

3. An Application for Approval of Complex Designation should be made as early in the case as is feasible and must set forth with specificity the reasons that the case should be assigned to the Complex Litigation Department in accordance with the factors set forth in Rule 3.400 *et seq.*, California Rules of Court. A copy of such Application, together with a copy of the operative Complaint and of the Civil Case Cover Sheet, shall be delivered to the clerk of Department 304 promptly upon filing. Copies of the Application shall be served on all other parties who have been served with the Complaint or have appeared in the case.

4. A Complex Case Designation which does not comply with this Order may be deemed denied without further order.

5. Until such time as the Court issues an order assigning the case to the Complex Litigation Department, it will remain in its otherwise assigned case management plan and shall be subject to all applicable case management rules and procedures. *See* Rule 3 – Civil Case Management, San Francisco Superior Court Local Rules of Court.

6. Upon the denial of Complex Case Designation, either under paragraph 4 hereof or by specific court order, and no sooner than 60 days after the date of filing the Civil Case Cover Sheet, the Clerk of the Court shall, upon request, refund any fees paid pursuant to California Government Code section 70616(a) or (b). *See* Cal. Gov. Code § 70616(d).

7. This Order does not modify the provisions of Rule 3.403(b), California Rules of Court.

IT IS SO ORDERED.

Dated: October 23, 2007

The Honorable Richard A. Kramer

GENERAL ORDER

# Alternative Dispute Resolution (ADR) Program Information Package

# Alternatives to Trial

## There are other ways to resolve a civil dispute.

The plaintiff must serve a copy of the ADR information package
on each defendant along with the complaint.  (CRC 201.9(c))

**Superior Court of California**
**County of San Francisco**

## Introduction

Did you know that most civil lawsuits settle without a trial?

And did you know that there are a number of ways to resolve civil disputes without having to sue somebody?

These alternatives to a lawsuit are known as alternative dispute resolutions (ADR). The most common forms of ADR are mediation, arbitration and case evaluation. There are a number of other kinds of ADR as well.

In ADR, trained, impartial persons decide disputes or help parties decide disputes themselves. These persons are called neutrals. For example, in mediation, the neutral is the mediator. Neutrals normally are chosen by the disputing parties or by the court. Neutrals can help parties resolve disputes without having to go to court.

ADR is not new. ADR is available in many communities through dispute resolution programs and private neutrals.

## Advantages of ADR

ADR can have a number of advantages over a lawsuit.

- *ADR can save time.* A dispute often can be resolved in a matter of months, even weeks, through ADR, while a lawsuit can take years.

- *ADR can save money.* Court costs, attorneys fees, and expert fees can be saved.

- *ADR can be cooperative.* This means that the parties having a dispute may work together with the neutral to resolve the dispute and agree to a remedy that makes sense to them, rather than work against each other.

- *ADR can reduce stress.* There are fewer, if any, court appearances. And because ADR can be speedier, and save money, and because the parties are normally cooperative, ADR is easier on the nerves. The parties don't have a lawsuit hanging over their heads for years.

- *ADR encourages participation.* The parties may have more chances to tell their side of the story than in court and may have more control over the outcome.

- *ADR is flexible.* The parties can choose the ADR process that is best for them. For example, in mediation the parties may decide how to resolve their dispute.

- *ADR can be more satisfying.* For all the above reasons, many people have reported a high degree of satisfaction with ADR.

Because of these advantages, many parties choose ADR to resolve a dispute, instead of filing a lawsuit. Even when a lawsuit has been filed, the court can refer the dispute to a neutral before the parties' position harden and the lawsuit becomes costly. ADR has been used to resolve disputes even after a trial, when the result is appealed.

# Disadvantages of ADR

ADR may not be suitable for every dispute.

- If ADR is binding, the parties normally give up most court protections, including a decision by a judge or jury under formal rules of evidence and procedure, and review for legal error by an appellate court.

- There generally is less opportunity to find out about the other side's case with ADR than with litigation. ADR may not be effective if it takes place before the parties have sufficient information to resolve the dispute.

- The neutral may charge a fee for his or her services.

- If a dispute is not resolved through ADR, the parties may have to put time and money into both ADR and a lawsuit.

- Lawsuits must be brought within specified periods of time, known as statutes of limitation. Parties must be careful not to let a statute of limitations run out while a dispute is in an ADR process.

# ALTERNATIVE DISPUTE RESOLUTION PROGRAMS
## Of the San Francisco Superior Court

"It is the policy of the Superior Court that every noncriminal, nonjuvenile case participate either in an early settlement conference, mediation, arbitration, early neutral evaluation or some other alternative dispute resolution process prior to a mandatory settlement conference or trial." (Superior Court Local Rule 4)

This guide is designed to assist attorneys, their clients and self-represented litigants in complying with San Francisco Superior Court's alternative dispute resolution ("ADR") policy. Attorneys are encouraged to share this guide with clients. By making informed choices about dispute resolution alternatives, attorneys, their clients and self-represented litigants may achieve a more satisfying resolution of civil disputes.

The San Francisco Superior Court currently offers three ADR programs for general civil matters; each program is described below:

1)  Judicial Arbitration
2)  Mediation
3)  The Early Settlement Program (ESP) in conjunction with the San Francisco Bar Association.

## JUDICIAL ARBITRATION

### Description

In arbitration, a neutral "arbitrator" presides at a hearing where the parties present evidence through exhibits and testimony. The arbitrator applies the law to the facts of the case and makes an award based upon the merits of the case. When the Court orders a case to arbitration it is called judicial arbitration. The goal of arbitration is to provide parties with an adjudication that is earlier, faster, less formal, and usually less expensive than a trial. Upon stipulation of all parties, other civil matters may be submitted to judicial arbitration.

Although not currently a part of the Court's ADR program, civil disputes may also be resolved through private arbitration. Here, the parties

voluntarily consent to arbitration. If all parties agree, private arbitration may be binding and the parties give up the right to judicial review of the arbitrator's decision. In private arbitration, the parties select a private arbitrator and are responsible for paying the arbitrator's fees.

### Operation

Pursuant to CCP 1141.11 and Local Rule 4, all civil actions in which the amount in controversy is $50,000 or less, and no party seeks equitable relief, shall be ordered to arbitration. A case is ordered to arbitration after the Case Management Conference. An arbitrator is chosen from the Court's Arbitration Panel. Most cases ordered to arbitration are also ordered to a pre-arbitration settlement conference. Arbitrations are generally held between 7 and 9 months after a complaint has been filed. Judicial arbitration is <u>not</u> binding unless all parties agree to be bound by the arbitrator's decision. Any party may request a court trial within 30 days after the arbitrator's award has been filed.

### Cost

There is no cost to the parties for judicial arbitration or for the pre-arbitration settlement conference.

## MEDIATION

### Description

Mediation is a voluntary, flexible, and confidential process in which a neutral third party "mediator" facilitates negotiations. The goal of mediation is to reach a mutually satisfactory agreement that resolves all or part of the dispute after exploring the significant interests, needs, and priorities of the parties in light of relevant evidence and the law.

Although there are different styles and approaches to mediation, most mediations begin with presentations of each side's view of the case. The mediator's role is to assist the parties in communicating with each other, expressing their interests, understanding the interests of opposing parties, recognizing areas of agreement and generating options for resolution. Through questions, the mediator aids each party in assessing the strengths and weaknesses of their position.

ADR-1   10/07 (ja)

A mediator does not propose a judgment or provide an evaluation of the merits and value of the case. Many attorneys and litigants find that mediation's emphasis on cooperative dispute resolution produces more satisfactory and enduring resolutions. Mediation's non-adversarial approach is particularly effective in disputes in which the parties have a continuing relationship, where there are multiple parties, where equitable relief is sought, or where strong personal feelings exist.

### Operation

San Francisco Superior Court Local Court Rule 4 **provides three different voluntary mediation programs** for civil disputes. An appropriate program is available for all civil cases, regardless of the type of action or type of relief sought.

To help litigants and attorneys identify qualified mediators, the Superior Court maintains a list of mediation providers whose training and experience have been reviewed and approved by the Court. The list of court approved mediation providers can be found at www.sfgov.org/courts. Litigants are not limited to mediators on the court list and may select any mediator agreed upon by all parties. A mediation provider need not be an attorney.

Local Rule 4.2 D allows for mediation in lieu of judicial arbitration, so long as the parties file a stipulation to mediate within 240 days from the date the complaint is filed. If settlement is not reached through mediation, a case proceeds to trial as scheduled.

### Private Mediation

The Private Mediation program accommodates cases that wish to participate in private mediation to fulfill the court's alternative dispute resolution requirement. The parties select a mediator, panel of mediators or mediation program of their choice to conduct the mediation. The cost of mediation is borne by the parties equally unless the parties agree otherwise.

Parties in civil cases that have not been ordered to arbitration may consent to private mediation at any point before trial. Parties willing to submit a matter to private mediation should indicate this preference on the Stipulation to Alternative Dispute Resolution form or the Case Management Statement (CM-110). Both forms are attached to this packet.

## Mediation Services of the Bar Association of San Francisco

The Mediation Services is a coordinated effort of the San Francisco Superior Court and The Bar Association of San Francisco (BASF) in which a court approved mediator provides three hours of mediation at no charge to the parties. It is designed to afford civil litigants the opportunity to engage in early mediation of a case shortly after filing the complaint, in an effort to resolve the matter before substantial funds are expended on the litigation process. Although the goal of the program is to provide the service at the outset of the litigation, the program may be utilized at anytime throughout the litigation process.

The mediators participating in the program have been pre-approved by the court pursuant to strict educational and experience requirements.

After the filing of the signed Stipulation to Alternative Dispute Resolution form included in this ADR package the parties will be contacted by BASF. Upon payment of the $200 per party administration fee, parties select a specific mediator from the list of court approved mediation providers. The hourly mediator fee beyond the first three hours will vary depending on the mediator selected. Waiver of the administrative fee based on financial hardship is available.

A copy of the Mediation Services rules can be found on the BASF website at www.sfbar.org, or you may call BASF at 415-782-9000.

## Judicial Mediation

The Judicial Mediation program is designed to provide early mediation of complex cases by volunteer judges of the San Francisco Superior Court. Cases considered for the program include construction defect, employment discrimination, professional malpractice, insurance coverage, toxic torts and industrial accidents.

Parties interested in judicial mediation should file the Stipulation to Alternative Dispute Resolution form attached to this packet indicating a joint request for inclusion in the program. A preference for a specific judge may be indicated. The court Alternative Dispute Resolution Coordinator will coordinate assignment of cases that qualify for the program.

## Cost

Generally, the cost of Private Mediation ranges from $200 per hour to $400 per hour and is shared equally by the parties. Many mediators are willing to adjust their fees depending upon the income and resources of the parties. Any party who meets certain eligibility requirements may ask the court to appoint a mediator to serve at no cost to the parties.

The Mediation Services of the Bar Association of San Francisco provides three hours of mediation time at no cost with a $200 per party administrative fee.

There is no charge for participation in the Judicial Mediation program.

## EARLY SETTLEMENT PROGRAM

## Description

The Bar Association of San Francisco, in cooperation with the Court, offers an Early Settlement Program ("ESP") as part of the Court's settlement conference calendar. The goal of early settlement is to provide participants an opportunity to reach a mutually acceptable settlement that resolves all or part of the dispute. The two-member volunteer attorney panel reflects a balance between plaintiff and defense attorneys with at least 10 years of trial experience.

As in mediation, there is no set format for the settlement conference. A conference typically begins with a brief meeting with all parties and counsel, in which each is given an opportunity to make an initial statement. The panelists then assist the parties in understanding and candidly discussing the strengths and weaknesses of the case. The Early Settlement Conference is considered a "quasi-judicial" proceeding and, therefore, is not entitled to the statutory confidentiality protections afforded to mediation.

## Operation

Civil cases enter the ESP either voluntarily or through assignment by the Court. Parties who wish to choose the early settlement process should indicate this preference on the status and setting conference statement.

If a matter is assigned to the ESP by the Court, parties may consult the ESP program materials accompanying the "Notice of the Early Settlement Conference" for information regarding removal from the program.

Participants are notified of their ESP conference date approximately 4 months prior to trial. The settlement conference is typically held 2 to 3 months prior to the trial date. The Bar Association's ESP Coordinator informs the participants of names of the panel members and location of the settlement conference approximately 2 weeks prior to the conference date.

Local Rule 4.3 sets out the requirements of the ESP. All parties to a case assigned to the ESP are required to submit a settlement conference statement prior to the conference. All parties, attorneys who will try the case, and insurance representatives with settlement authority are required to attend the settlement conference. If settlement is not reached through the conference, the case proceeds to trial as scheduled.

### Cost

All parties must submit a $250 generally non-refundable administrative fee to the Bar Association of San Francisco. Parties who meet certain eligibility requirements may request a fee waiver. For more information, please contact the ESP Coordinator at (415) 782-9000 ext. 8717.

* * * * * * * * * * * * * * * * * * * *

For further information about San Francisco Superior Court ADR programs or dispute resolution alternatives, please contact:

Superior Court Alternative Dispute Resolution,
400 McAllister Street, Room 103
San Francisco, CA 94102
(415) 551-3876

or visit the Superior Court Website at
http://sfgov.org/site/courts_page.asp?id=3672

# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF SAN FRANCISCO
### 400 McAllister Street, San Francisco, CA  94102-4514

|  |  |
|---|---|
| Plaintiff<br><br>v.<br><br><br>Defendant | Case No. _____<br><br>**STIPULATION TO ALTERNATIVE<br>DISPUTE RESOLUTION** |

The parties hereby stipulate that this action shall be submitted to the following alternative dispute resolution process:

☐   **Private Mediation**      ☐   **Mediation Services of BASF**    ☐   **Judicial Mediation**
☐   **Binding arbitration**                                         Judge _____
☐   **Non-binding judicial arbitration**                     Judge _____
☐   **BASF Early Settlement Program**
☐   **Other ADR process (describe)** _____

**Plaintiff(s) and Defendant(s) further agree as follows:**

_____

_____

_____

| Name of Party Stipulating | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
|---|---|---|
| ☐ Plaintiff   ☐ Defendant   ☐ Cross-defendant | | Dated: _____ |
| Name of Party Stipulating | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| ☐ Plaintiff   ☐ Defendant   ☐ Cross-defendant | | Dated: _____ |
| Name of Party Stipulating | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| ☐ Plaintiff   ☐ Defendant   ☐ Cross-defendant | | Dated: _____ |

☐  *Additional signature(s) attached*

ADR-2  3/06                         **STIPULATION TO ALTERNATIVE DISPUTE RESOLUTION**

CM-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | *FOR COURT USE ONLY* |
|---|---|

TELEPHONE NO.:                    FAX NO. *(Optional):*

E-MAIL ADDRESS *(Optional):*

ATTORNEY FOR *(Name):*

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF**

STREET ADDRESS:

MAILING ADDRESS:

CITY AND ZIP CODE:

BRANCH NAME:

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

| **CASE MANAGEMENT STATEMENT** | CASE NUMBER: |
|---|---|
| (Check one): ☐ **UNLIMITED CASE** (Amount demanded exceeds $25,000) ☐ **LIMITED CASE** (Amount demanded is $25,000 or less) | |

A CASE MANAGEMENT CONFERENCE is scheduled as follows:

Date:                    Time:            Dept.:            Div.:            Room:

Address of court *(if different from the address above):*

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1. **Party or parties** *(answer one):*
   a. ☐  This statement is submitted by party *(name):*
   b. ☐  This statement is submitted **jointly** by parties *(names):*

2. **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
   a. The complaint was filed on *(date):*
   b. ☐ The cross-complaint, if any, was filed on *(date):*

3. **Service** *(to be answered by plaintiffs and cross-complainants only)*
   a. ☐  All parties named in the complaint and cross-complaint have been served, or have appeared, or have been dismissed.
   b. ☐  The following parties named in the complaint or cross-complaint
      (1) ☐  have not been served *(specify names and explain why not):*
      (2) ☐  have been served but have not appeared and have not been dismissed *(specify names):*
      (3) ☐  have had a default entered against them *(specify names):*
   c. ☐  The following additional parties may be added *(specify names, nature of involvement in case, and the date by which they may be served):*

4. **Description of case**
   a. Type of case in ☐  complaint  ☐  cross-complaint    *(describe, including causes of action):*

Form Adopted for Mandatory Use
Judicial Council of California
CM-110 [Rev. January 1, 2007]

**CASE MANAGEMENT STATEMENT**

Cal. Rules of Court,
rules 3.720–3.730
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

10. d.   The party or parties are willing to participate in *(check all that apply):*

(1) ☐ Mediation

(2) ☐ Nonbinding judicial arbitration under Code of Civil Procedure section 1141.12 (discovery to close 15 days before arbitration under Cal. Rules of Court, rule 3.822)

(3) ☐ Nonbinding judicial arbitration under Code of Civil Procedure section 1141.12 (discovery to remain open until 30 days before trial; order required under Cal. Rules of Court, rule 3.822)

(4) ☐ Binding judicial arbitration

(5) ☐ Binding private arbitration

(6) ☐ Neutral case evaluation

(7) ☐ Other *(specify):*

e.   ☐ This matter is subject to mandatory judicial arbitration because the amount in controversy does not exceed the statutory limit.

f.   ☐ Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.

g.   ☐ This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court *(specify exemption):*

**11. Settlement conference**

☐ The party or parties are willing to participate in an early settlement conference *(specify when):*

**12. Insurance**

a.   ☐ Insurance carrier, if any, for party filing this statement *(name):*

b.   Reservation of rights:   ☐ Yes   ☐ No

c.   ☐ Coverage issues will significantly affect resolution of this case *(explain):*

**13. Jurisdiction**

Indicate any matters that may affect the court's jurisdiction or processing of this case, and describe the status.

☐ Bankruptcy   ☐ Other *(specify):*

Status:

**14. Related cases, consolidation, and coordination**

a.   ☐ There are companion, underlying, or related cases.

(1) Name of case:

(2) Name of court:

(3) Case number:

(4) Status:

☐ Additional cases are described in Attachment 14a.

b.   ☐ A motion to   ☐ consolidate   ☐ coordinate   will be filed by *(name party):*

**15. Bifurcation**

☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons):*

**16. Other motions**

☐ The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues):*



# Superior Court of California
## County of San Francisco

HON. DAVID BALLATI
PRESIDING JUDGE

### Judicial Mediation Program

JENIFFER B. ALCANTARA
ADR PROGRAM ADMINISTRATOR

   The Judicial Mediation program offers mediation of complex civil litigation by a San Francisco Superior Court judge familiar with the area of the law that is the subject of the controversy. Cases that will be considered for participation in the program include, but are not limited to professional malpractice, construction, employment, insurance coverage disputes, mass torts and complex commercial litigation. Judicial mediation offers civil litigants the opportunity to engage in early mediation of a case shortly after filing the complaint in an effort to resolve the matter before substantial funds are expended. This program may also be utilized at anytime throughout the litigation process. The panel of judges currently participating in the program includes:

The Honorable David J. Ballati
The Honorable Anne Bouliane
The Honorable Ellen Chaitin
The Honorable Robert L. Dondero
The Honorable Ernest H. Goldsmith
The Honorable Harold E. Kahn
The Honorable Patrick J. Mahoney
The Honorable Tomar Mason

The Honorable James J. McBride
The Honorable Kevin M. McCarthy
The Honorable John E. Munter
The Honorable Ronald Quidachay
The Honorable A. James Robertson, II
The Honorable John K. Stewart
The Honorable Mary E. Wiss

   Parties interested in judicial mediation should file the Stipulation to Alternative Dispute Resolution form attached to this packet indicating a joint request for inclusion in the program and deliver a courtesy copy to Dept. 212. A preference for a specific judge may be indicated. The court Alternative Dispute Resolution Program Administrator will facilitate assignment of cases that qualify for the program.

Note: Space is limited. Submission of a stipulation to judicial mediation does not guarantee inclusion in the program. You will receive written notification from the court as to the outcome of your application.

Superior Court Alternative Dispute Resolution
400 McAllister Street, Room 103, San Francisco, CA 94102
(415) 551-3876

10/07 (ja)



MEDIATION SERVIC

MEDIATION SERVICES

THE BAR ASSOCIATION OF SAN FRANCISCO

**PROCEDURES, FORMS, MEDIATOR BIOGRAPHIES AND PHOTOGRAPHS:**

# www.sfbar.org/mediation

QUESTIONS?

## adr@sfbar.org or 415-982-1600

EXPERIENCED MEDIATORS ARE AVAILABLE IN THE FOLLOWING AREAS:

Business
Civil Rights
Commercial
Construction
Contracts
Disability
Discrimination
Education
Employment/Workplace
Environmental
Family
Fee Disputes
Financial
Gay/Lesbian/Bisexual/Transgender Issues
Government
Insurance
Intellectual Property
Intra-Organizational
Labor
Landlord/Tenant
Land Use
Malpractice:
Legal-Medical-Professional
Partnership Dissolutions
Personal Injury
Probate/Trust
Products Liability
Real Estate
Securities
Taxation
Uninsured Motorist
Women's Issues
And more...

## What is BASF's Mediation Service?

Mediation is a voluntary, private dispute resolution process in which a trained mediator assists the parties in reaching an outcome that is mutually agreeable.

Mediation Services was established by The Bar Association of San Francisco (BASF) with extensive input from experienced mediators, litigators and judges. This traditional mediation service is an approved alternative to court ordered Arbitration or Early Settlement.

## How Does it Work?

BASF's Mediation Services works quickly, matching a qualified mediator to a case within days. The assignment process is flexible; experienced BASF staff can suggest a mediator, or you can request three biographies to choose from, or request a particular mediator from our Web site.

## How Much Does the Service Cost?

Mediators generously provide one hour of preparation and two hours of session time free of charge as a service to BASF and the community. To qualify for the pro-bono hours, parties must file the Consent to Mediate form with BASF. Hourly fees beyond those three hours vary depending on the mediator selected. BASF charges a small administrative fee, which pays for the costs of running the program.

## Who Can Use the Service?

The service can be utilized by anyone whether or not the dispute has been filed in a court. If a legal action is already underway, it can be used at any time during the litigation process and is not limited to San Francisco County litigants.

## Who Are the Mediators?

Experienced mediation professionals are available to assist in most areas of dispute ranging from multi-party commercial matters to individuals in conflict. Each has been pre-approved pursuant to strict educational and experience requirements. In fact, our mediators average 15 years mediation experience and 125 hours of formal mediation training.

## More Information

Our Web site - www.sfbar.org/mediation - provides photographs, short biographies, hourly rates of our mediators. You can search by name or by area of law.

If you don't see the area you need in our 30 panels, just contact us at adr@sfbar.org; it is very likely we can match your need with one of our panelists.

WWW.SFBAR.ORG/MEDIATION • ADR@SFBAR.ORG • 415.982.1600

POS-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Jack Lee (SBN 71626)<br>John Ota (SBN 195532)<br>MINAMI TAMAKI LLP<br>360 Post Street, 8th Floor<br>San Francisco, CA 94108<br>TELEPHONE NO.: (415) 788-9000     FAX NO. *(Optional)*: (415) 398-3887<br>E-MAIL ADDRESS *(Optional)*: jota@minamitamaki.com<br>ATTORNEY FOR *(Name)*: Plaintiff Ibrahim E. Kurtcu, et al. | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  San Francisco
STREET ADDRESS: 400 McAllister Street
MAILING ADDRESS:
CITY AND ZIP CODE: San Francisco, CA 94108
BRANCH NAME: San Francisco County Superior Court

PLAINTIFF/PETITIONER: Ibrahim E. Kurtcu, et al.

DEFENDANT/RESPONDENT: U.S. Parking, Inc., et al.

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER:<br>CGC-08-473240 |
|---|---|

TO *(insert name of party being served)*: Cihat Esrefoglu c/o Doug Schwartz, Esq.; attorney for Defendant Esrefoglu

### NOTICE

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: March 21, 2008

Patrick Domin
             (TYPE OR PRINT NAME)                              (SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

### ACKNOWLEDGMENT OF RECEIPT

This acknowledges receipt of *(to be completed by sender before mailing)*:
1. [✓]  A copy of the summons and of the complaint.
2. [✓]  Other *(specify)*:
    Notice to Plaintiff Re: Case Management Conference and Alternative Dispute Resolution;
    Amended General Order Re: Procedure for Approval of Complex Litigation Designation; ADR
    Information package; blank Stipulation to Alternative Dispute Resolution; blank Case
    Management Statement; Judicial Mediation Program package.

*(To be completed by recipient):*

Date this form is signed: 3/27/08

Doug Schwartz, Esq.
    (TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,              (SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
       ON WHOSE BEHALF THIS FORM IS SIGNED)                           ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-015 [Rev. January 1, 2005] | NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL | Page 1 of 1<br>Code of Civil Procedure,<br>§§ 415.30, 417.10<br>www.courtinfo.ca.gov |
|---|---|---|

American LegalNet, Inc.
www.USCourtForms.com

**PROOF OF SERVICE**

Re: *Ibrahim E. Kurtcu, et al. v. U.S. Parking, Inc., et al.* – SFSC Case No. CGC-08-473240

I, Patrick Domin, declare as follows:
I am employed in the County of San Francisco, State of California. I am over the age of eighteen years and am not a party to this action. My business address is MINAMI TAMAKI, 360 Post Street, 8th Floor, San Francisco, California 94108.

In said County and State, on **March 21, 2008**, I served the following:

1.   **SUMMONS**

2.   **CLASS ACTION COMPLAINT FOR FAILURE TO PAY OVERTIME AND PREMIMUM PAY; FAILURE TO TIMELY PAY ALL WAGES DUE; FAILURE TO PROVIDE MEAL AND REST PERIODS; FAILURE TO PROVIDE ITEMIZED WAGE STATEMENT; FAILURE TO PAY ALL WAGES TO SEPARATED EMPLOYEES; UNFAIR COMPETITION**

3.   **NOTICE TO PLAINTIFF RE: CASE MANAGEMENT CONFERENCE AND ALTERNATIVE DISPUTE RESOLUTION**

4.   **AMENDED GENERAL ORDER RE: PROCEDURE FOR APPROVAL OF COMPLEX LITIGATION DESIGNATION**

5.   **ADR INFORMATION PACKAGE**

6.   **BLANK STIPULATION TO ALTERNATIVE DISPUTE RESOLUTION**

7.   **BLANK CASE MANAGEMENT STATEMENT**

8.   **JUDICIAL MEDIATION PROGRAM PACKAGE**

9.   **NOTICES OF ACKNOWLEDGMENT AND RECEIPT TO DOUG SCHWARTZ, ESQ. FOR U.S. PARKING, INC. AND CIHAT ESREFOGLU (PLUS TWO ADDITIONAL COPIES AND A SELF-ADDRESSED STAMPED ENVELOPE)**

addressed to each of the persons below at the address shown:
**Doug Schwartz, Esq.**
**Schwartz & Cera LLP**
**49 Montgomery Street, Suite 3850**
**San Francisco, CA 94101**

   X   BY MAIL: I caused such envelope with postage thereon fully prepaid to be placed in the United States mail at San Francisco, California.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed at San Francisco, California, on **March 21, 2008**.

*Patrick D—*
Patrick Domin

MINAMI TAMAKI, LLP
360 Post Street, 8th Floor
San Francisco, CA 94108
Tel. (415) 788-9000
Fax (415) 398-3887