1   DOUGLAS R. SCHWARTZ (State Bar No. 98666)
    PETRA M. REINECKE (State Bar No. 154482)
2   SCOTT R. LOVERNICK (State Bar No. 233755)
    SCHWARTZ & CERA LLP
3   44 Montgomery Street, Suite 3850
    San Francisco, California 94104
4   Telephone: (415) 956-2600
    Facsimile: (415) 438-2655
5
    Attorneys for Defendants
6   U.S. PARKING, INC. and
    CIHAT ESREFOGLU
7

8

9               UNITED STATES DISTRICT COURT

10             NORTHERN DISTRICT OF CALIFORNIA

11

12  IBRAHIM E. KURTCU, on behalf of        ) Case No. C 08-02113-WHA
    himself and others similarly situated,  )
13                                          ) **REPLY BRIEF IN SUPPORT OF**
                Plaintiff,                  ) **MOTION TO DISMISS FOR FAILURE**
14                                          ) **TO STATE A CLAIM UPON WHICH**
                                            ) **RELIEF CAN BE GRANTED**
15             vs.                          ) **PURSUANT TO FEDERAL RULE OF**
                                            ) **CIVIL PROCEDURE 12(B)(6) OR, IN**
16  U.S. PARKING, INC., a corporation;      ) **THE ALTERNATIVE, FOR SUMMARY**
    CIHAT ESREFOGLU, an individual; and     ) **JUDGMENT**
17  DOES 1 through 10, inclusive,           )
                                            )
                Defendants.                 ) DATE:  June 5, 2008
18                                          ) TIME:  2:00 p.m.
                                            ) CTRM: 9, 19th Floor
19                                          )
                                            )
20                                          )
                                            )
21  _____ )

22

23          Defendants U.S. PARKING, INC. and CIHAT ESREFOGLU hereby reply to the brief

24  filed by plaintiff in opposition to defendants' Motion to Dismiss for failure to state a claim upon

25  which relief can be granted or, in the alternative, for summary judgment in their favor

26  ("Plaintiff's Opposition"). Plaintiff's Opposition incorrectly argues that not all of plaintiff's

27  claims were covered by the arbitration award in his favor. In fact, the grievance process and

28

1    arbitration award rendered, covered <u>all</u> of plaintiff's "money claims against the Employer"

2    (Exhibit A, Collective Bargaining Agreement "CBA" at §29(C)) and fully determined plaintiff's

3    grievance that "he did not receive the correct amount of pay or benefits for the time that he has

4    worked for" U.S. Parking (Exhibit D, Arbitration Award, at page 2).  Defendants again urge the

5    Court to dismiss the entirety of plaintiff's claims in this action.

6

7    I.    PORTIONS OF PLAINTIFF'S OPPOSITION MUST BE STRICKEN

8        As a preliminary matter, defendants submit that certain "facts" stated in Plaintiff's

9    Opposition have no foundation and must be stricken.   Plaintiff has submitted no supporting

10    declaration with his opposition to the instant motion. Therefore, to the extent that Plaintiff's

11    Opposition cites facts outside his Complaint, such facts are without foundation.   Specifically, the

12    first two sentences of the second paragraph of the Opposition, regarding plaintiff's alleged belief

13    regarding the nature of the March 19, 2008 hearing, are without foundation and support in the

14    record and should be stricken.  Such "facts" should be stricken and not considered by the Court in

15    determining the motion before it.

16

17    II.   DISMISSAL IS PROPER ON THIS MOTION UNDER RULE 12(B)(6)

18        Plaintiff has contested the fact that the declarations[1] submitted by defendants may

19    properly be considered by the Court on defendants Rule 12(b)(6) motion.  In so arguing, plaintiff

20    does not refute any of the case law cited by defendants in their motion, which clearly indicates

21    that the Court may properly consider facts which are judicially noticeable and which are

22    referenced in the pleadings.   Although defendants have requested, in the alternative, that the

23    Court grant summary judgment, defendants submit that this motion may properly be determined

24    in defendants' favor as a motion to dismiss under Rule 12(b)(6).  The Court may properly take

25

26    _____

27    [1]     Defendants in fact submitted only one declaration, that of Orhan Kaplankiran, U.S. Parking's
Vice-President for Operations and Human Resources, in support of their motion.

28

1    judicial notice of the facts submitted by defendants in support of their motion (and plaintiff has

2    not opposed the Request for Judicial Notice) and may dismiss Plaintiff's Complaint on a motion

3    to dismiss.

4

5    III.    ALL OF PLAINTIFF'S CLAIMS MUST BE DISMISSED

6         In his Opposition, Plaintiff argues that the arbitration award does not bar all of plaintiff's

7    claims in this action because some of his claims were not addressed in the arbitration award.

8    This argument must fail.  First, the arbitration award did indeed cover all of plaintiff's wage and

9    benefits disputes with his employer.  Even if they were not actually discussed in the arbitration

10    award, they were in fact included.

11        The CBA contains a broad definition of the disputes to be submitted and resolved by the

12    grievance procedure contained in the CBA.   It provides that all "money claims against the

13    Employer" (Exhibit A, CBA at §29(C)) are to be resolved through the grievance procedure, up

14    through and including binding arbitration.   Further, the binding arbitration fully determined

15    plaintiff's grievance that "he did not receive the correct amount of pay or benefits for the time

16    that he has worked for" U.S. Parking (Exhibit D, Arbitration Award, at page 2).   Thus the

17    arbitration in fact resolved all of plaintiff's claims, including alleged underpayment for regular

18    time, overtime, meal and rest periods and benefits.

19        Plaintiff concedes that his first and second claims for relief were clearly covered by the

20    arbitration and must be dismissed.[2]  Plaintiff's remaining claims must also be dismissed because

21    they were within the scope of the CBA's grievance process and were in fact part of the process

22    and determined in the arbitration.

23    _____

24    [2]    Plaintiff erroneously makes reference to "plaintiff KURTCU's individual claims under the
     second cause of action for failure to provide meal and rest periods, and under the third cause of action
25    for failure to provide itemized wage statements" and argues that those claims were not resolved in the
     arbitration award.  In fact the claim for failure to provide meal and rest periods is the THIRD cause of
26    action in the Complaint, and the failure to provide itemized wage statements is the FOURTH cause of
     action of plaintiff's Complaint.  Plaintiff does not in fact argue against dismissal of his first cause of
27    action (for failure to pay overtime) or his second cause of action (failure to timely pay all wages due).

28

1        Plaintiff's third claim for failure to provide meal and rest periods alleges that "if an

2    employer fails to provide an employee with a mandated meal or rest period, the employer is

3    liable to the employee for one hour of compensation at the employees' regular rate of pay for

4    each work day a meal or rest period was not provided." Complaint, ¶40. Thus the claim for

5    failure to provide meal and rest periods is clearly a claim for compensation covered by the CBA

6    and by the arbitration award. As a consequence, plaintiff's third claim should be dismissed with

7    prejudice.

8        Similarly, plaintiff's fourth claim, for failure to provide accurate itemized wage

9    statements, was covered by the grievance procedure and the arbitration award. The fourth claim

10    of plaintiff's Complaint claims that "defendants willfully underreported the total hours worked,

11    gross wages and applicable hourly rates on the wage statements given to plaintiff...." Complaint,

12    ¶44. The Complaint alleges that plaintiff was "injured by not receiving accurate itemized wage

13    statements" and seeks "to recover the penalties provided for by Labor Code §226." Complaint,

14    ¶46. Thus, again, the fourth claim clearly seeks "wage compensation" and was both covered by

15    and specifically addressed by the grievance process and arbitration award.

16        As to the fifth claim for relief, failure to pay all wages to discharged and quitting

17    employees, plaintiff has no actual claim and no standing to bring this claim as he readily admits

18    that he continues to be employed by U.S. Parking. *See* Complaint, ¶8. For this reason, this claim

19    must be dismissed as to plaintiff.

20        Finally, plaintiff's sixth claim for relief, for unfair business practices, must also be

21    dismissed. Plaintiff alleges, as he must under *JC Penney* [cite], that he was "injured and suffered

22    loss of money in the amounts of unpaid regular, overtime and double-time wages and benefits

23    [he] was entitled to receive" as a result of defendants' alleged unfair practices. Complaint, ¶55.

24    The claim seeks "restitution" for "all wages unlawfully withheld form them as a result of

25    Defendants' unlawful and unfair conduct." By the arbitration award, plaintiff was fully

26    compensated for all wages allegedly unlawfully or improperly withheld from him, and thus this

27    claim too has been fully resolved and plaintiff is precluded from re-litigating it here.

28

REPLY BRIEF IN SUPPORT OF MOTION AND MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM
OR, IN THE ALTERNATIVE, SUMMARY JUDGMENT
Case No. C 08-02113-WHA

1    IV.    PLAINTIFF CANNOT SERVE AS CLASS REPRESENTATIVE

2          Plaintiff further argues that the case may not be dismissed in its entirety since it is pled as

3    a class action.  However, dismissal of the individual plaintiff's claims means that he may not

4    serve as class representative.  Plaintiff's counsel should be permitted a reasonable period of time,

5    not to exceed thirty days, in which to substitute a new purported class representative as plaintiff

6    in this action.  If unable to do so, the complaint should be dismissed in its entirety.

7

8    DATED:  May 22, 2008                    Respectfully submitted,

9

10                                  /s/
                                _____
11                              DOUGLAS R. SCHWARTZ
                                PETRA M. REINECKE
12                              SCOTT R. LOVERNICK
                                Attorneys for Defendants
13                              U.S. PARKING, INC. and
                                CIHAT ESREFOGLU

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

REPLY BRIEF IN SUPPORT OF MOTION AND MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM
OR, IN THE ALTERNATIVE, SUMMARY JUDGMENT
Case No. C 08-02113-WHA