IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IBRAHIM E. KURTCU, on behalf of himself and others similarly situated,<br><br>   Plaintiff,<br><br>   v.<br><br>U.S. PARKING INC., CIHAT ESREFOGLU, and DOES 1 through 10, inclusive,<br><br>   Defendants. | No. C 08-02113 WHA<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS AND GRANTING IN PART AND DENYING IN PART DEFENDANTS' REQUEST FOR JUDICIAL NOTICE** |

**INTRODUCTION**

In this putative class action for unpaid wages and benefits under state and federal law, defendants move to dismiss plaintiff's claims (or, in the alternative, for summary judgment) on the ground of res judicata. That is, defendants argue that a decision in an earlier arbitration proceeding bars all of plaintiff's claims. For the reasons stated below, defendants' motion is **GRANTED IN PART AND DENIED IN PART**.

**STATEMENT**

All well-pled allegations in the complaint are accepted as true. Plaintiff Ibrahim Kurtcu is currently employed as a parking lot attendant by defendant U.S. Parking, Inc., where he has worked for the past five years. U.S. Parking is a California corporation, which operates parking lots in San Francisco and Oakland. Defendant Cihat Esrefoglu is the owner of U.S. Parking.

Kurtcu and other U.S. Parking employees are members of the Teamsters Automotive and Allied Workers. On behalf of U.S. Parking employees, TAAW negotiated a collective bargaining agreement effective ("CBA") from December 1, 2003, through November 30, 2008. The CBA contained a grievance procedure for all complaints or disputes between the employee and employer as well as all money claims against the employer. This procedure consisted of three tiers: (i) attempted settlement between the union representative and employer; (ii) non-binding mediation; and (iii) binding arbitration.[1]

Kurtcu filed a grievance with TAAW in October 2007, alleging that he had been incorrectly paid wages and benefits since the beginning of his employment. After attempts at settlement and mediation failed, the parties submitted the matter to arbitration. The arbitration hearing was held on March 19, 2008. The arbitrator awarded Kurtcu $64,048, which U.S. Parking has since paid.

One week before the arbitration hearing, on March 12, 2008, Kurtcu filed a class action complaint on behalf of himself and a putative class consisting of current and former employees of U.S. Parking. The class action was filed in San Francisco Superior Court. The complaint alleged that U.S. Parking engaged in the following unlawful practices: (i) failure to pay overtime and premium pay; (ii) failure to timely pay wages; (iii) failure to provide meal and rest periods; (iv) failure to provide itemized wage statements; (v) failure to pay all wages to discharged and quitting employees; and (vi) unfair business practices. U.S. Parking removed this action to federal court on April 23, 2008.

On June 4, San Francisco Superior Court entered an order confirming the arbitration award and entered judgment on behalf of plaintiff. Accordingly, the arbitration is a matter of public record. On June 5, plaintiff cashed the check written by defendant U.S. Parking pursuant to the arbitration award.

---

[1] Facts related to the CBA and arbitration are not explicitly referenced in the complaint but are proper subjects of judicial notice.

2

## ANALYSIS

### 1. LEGAL STANDARD.

A motion to dismiss under FRCP 12(b)(6) tests for the legal sufficiency of the claims alleged in the complaint. *See Parks Sch. of Bus. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995). All material allegations of the complaint are taken as true and construed in the light most favorable to the nonmoving party. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 340 (9th Cir. 1996). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 127 S.Ct. 1955, 1964–65 (2007).

### 2. JUDICIAL NOTICE.

Defendants request judicial notice of various documents. "Under the incorporation by reference doctrine, [a district court] also consider[s] documents submitted by Defendants that were referenced in the complaint and whose authenticity has not been questioned." *No. 84 Employer-Teamster Joint Council Pension Trust Fund v. Am. W. Holding Corp.*, 320 F.3d 920, 925 n.2 (9th Cir. 2003).

Defendants first argue for judicial notice of the CBA. Plaintiff's complaint alleges, *inter alia*, that defendants failed to pay him the "regular hourly rate of pay established by contract" (Compl. ¶¶ 11–12). Plaintiff's wage rate is governed by the CBA (Kaplankiran Decl. Exh. A). Accordingly, the "contract" referred to in the complaint is in fact the CBA. For this reason, the CBA is a proper subject of judicial notice.

Defendants also argue for judicial notice of the arbitration award. This document is not explicitly referenced in the complaint. "The court may properly look beyond the complaint only to items in the record of the case or to matters of general public record." *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1198 (9th Cir. 1988). Specifically, judicial notice may be taken of orders and decisions taken by other courts and administrative agencies. *Papai v.*

3

...

1  *Harbor Tug & Barge Co.*, 67 F.3d 203, 207 (9th Cir. 1995) (overruled on other grounds).

2  Here, plaintiff's claim was arbitrated by the Federal Mediation and Conciliation Service, a

3  federal agency. An order confirming the arbitration award and entry of judgment have been

4  filed in San Francisco Superior Court. Accordingly, the arbitration award is a proper subject of

5  judicial notice. *See Stacks v. S.W. Bell Yellow Pages, Inc.*, 27 F.3d 1316, 1326 n.3 (8th Cir.

6  1994) (holding that courts may take judicial notice of arbitration awards pursuant to FRE 201).[2]

Because this order takes judicial notice of all relevant documents, the following analysis is pursuant to defendants' motion to dismiss (as opposed to the alternative motion for summary judgment).

**3.     MOTION TO DISMISS.**

**A.     Claim Preclusion.**

Under the doctrine of res judicata, or claim preclusion, a prior adjudication bars a later suit if it "(1) involve[s] the same claim as the later suit, (2) ha[s] reached a final judgment on the merits, and (3) involve[s] the same parties or their privies." The Ninth Circuit applies the following criteria to determine whether two claims are the same for purposes of res judicata: "(1) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; (3) whether the two suits involve infringement of the same right; and (4) whether the two suits arise out of the same transactional nucleus of facts." *Nordhorn v. Ladish Co., Inc.*, 9 F.3d 1402, 1404–05 (9th Cir. 2003).

A final award by arbitration can have preclusive effect. In applying res judicata to the arbitration award, "[a district court] make[s] an examination of the record . . . including any findings of the arbitrators. [The district court] must decide whether a rational factfinder could have reached a conclusion based upon an issue other than that which the defendant seeks to foreclose." When the issue a defendant seeks to preclude is the only rational one, the factfinder

---

[2] Defendants also seek judicial notice of: (i) a written agreement signed by plaintiff to submit his grievance to arbitration and (ii) a letter from plaintiff's union representative to defendant U.S. Parking regarding the arbitration hearing. The relevance of these documents is subsumed by judicial notice of the arbitration award.

4

could have found, then that issue is considered foreclosed even if no explicit finding of that issue has been made. The party asserting preclusion bears the burden of showing with certainty and clarity what was determined by the prior judgment. *Clark v. Bear Stearns & Co.*, 966 F.2d 1318, 1321 (9th Cir. 1992).

### B. Claims of Individual Plaintiff.

#### (1) First and Second Claims.

Plaintiff does not dispute the preclusive effect of arbitration. Moreover, plaintiff concedes that his first two claims were addressed by the arbitrator. After considering these claims, the arbitrator awarded plaintiff $64,048, which amounted to a judgment on the merits. The arbitration award listed plaintiff as the grievant, indicating that he was indeed the party involved in this prior adjudication (Kaplankiran Decl. Exh. D). Plaintiff does not argue otherwise. The three elements of claim preclusion are therefore satisfied with respect to plaintiff's first and second claims. These two claims are dismissed without leave to amend.[3]

#### (2) Third, Fourth, and Sixth Claims.

Plaintiff argues that his third, fourth, and sixth claims should not be barred because those claims were not addressed in the arbitration. Defendants argue otherwise. For the reasons below, this order agrees with plaintiff.

The grievance procedure established by the CBA broadly covered "[a]ny grievance which cannot be settled directly by the Local Union Business Representative with the location manager" and "all complaints concerning a violation of this Agreement" (Kaplankiran Decl. Exh. A). All of plaintiff's claims were thus proper subjects for the grievance procedure

---

[3] In the opposition, plaintiff mistakenly refers to his "second cause of action" as the failure to provide meal and rest periods and his "third cause of action" as the failure to provide itemized wage statements. He then argues that these causes of action were not addressed in the arbitration (Opp. 5). In actuality, the failure to provide meal and rest periods is plaintiff's third cause of action and the failure to provide itemized wage statements is plaintiff's fourth cause of action (Compl. 8–9). Plaintiff concedes earlier in the opposition that the arbitration addressed his claims for failure to pay overtime and premium pay and failure to timely pay wages (the first and second causes of action, respectively) (*id.* at 6–7).

5

and arbitration. The language of the CBA indicates that the grievance procedure was not mandatory.[4]

The issue addressed in the arbitration reads as follows: "Ibrahim P. Kurtcu contends he did not receive the correct amount of pay or benefits for the time that he has worked for this Employer." The arbitration award included: (i) $54,725 in wages including overtime; (ii) $1,031 for shifts worked at ballgames; (iii) $6,000 for out-of-pocket medical expenses; and (iv) $2,292 for vacation, sick leave, and holidays (*id.* at Exh. D).

In the class action complaint, plaintiff's third claim alleges that defendants failed to provide meal and rest periods and requests damages equal to one hour of wages for each workday a meal or rest period was not provided. The fourth claim accuses defendants of understating hours worked, gross wages, and hourly rates on employees' wage statements. It seeks penalties under California Labor Code Section 226. In the sixth claim, plaintiff alleges that he was injured and suffered loss of money in the form of unpaid wages and benefits as a result of defendants' unfair business practices. None of these claims were explicitly mentioned in the arbitration award.[5]

Defendants argue that because all of these claims seek unpaid wages, they were addressed by the arbitration. This order disagrees. The fact that part of the arbitration award included unpaid wages does not necessarily mean that all of plaintiff's claims seeking unpaid wages were brought and addressed. The issue presented in the arbitration — incorrect payment of wages and benefits — is far too general to determine with requisite certainty that plaintiff's third, fourth, and sixth claims were in fact considered. Exactly what claims were arbitrated remains an issue for the trier of fact.

---

[4] Section 30 of the CBA reads: "All complaints concerning a violation of this Agreement . . . shall be referred to a Board of Adjustments *upon written requests of either party* . . . *If mutually agreed* between the parties, the grievance shall proceed to an impartial mediator . . . instead of the matter proceeding to a Board of Adjustment. The mediator will issue a *non-binding* recommendation to the parties. Either party to the mediation *may* reject the non-binding recommendation by demanding Arbitration . . ." (Kaplankiran Decl. Exh. A) (emphasis added).

[5] Section 226 provides that an employee suffering injury is entitled to receive the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000). Cal. Labor Code 226(e).

*(3)   Fifth Claim.*

Plaintiff's fifth claim alleges that defendants failed to pay all wages to discharged and quitting employees. Because plaintiff is a current employee of defendant, he has suffered no injury under this claim and lacks standing.

### C.   Claims of the Putative Class.

Plaintiff points out that the claims of the putative class were never addressed by the arbitration. While this statement is accurate, dismissal of plaintiff Kurtcu's first, second, and fifth claims precludes him from serving as class representative with respect to those claims. A prerequisite of class actions under FRCP 23(a)(3) is that "the claims or defenses of the representative parties are typical of the claims or defenses of the class." Plaintiff Kurtcu lacks standing for the first, second, and fifth claims and therefore does not meet the typicality requirement. Because the class has yet to be certified, the class action cannot be pursued as to these claims. *See Sosna v. Iowa*, 419 U.S. 393, 414 (1975).

Because plaintiff Kurtcu has standing for the third, fourth, and sixth claims, he may still represent the class as to those claims. Accordingly, defendants' motion to dismiss the third, fourth, and sixth claims of the putative class is denied.

### 4.   ATTORNEY'S FEES.

At oral argument, defendants requested attorney's fees in conjunction with this motion. Because the motion is only granted in part, defendants' request for attorney's fees is denied.

## CONCLUSION

For the above-stated reasons, defendants' motion to dismiss is **GRANTED IN PART AND DENIED IN PART**. Defendants' motion with respect to plaintiff's first, second, and fifth claims is **GRANTED**. Defendants' motion to dismiss plaintiff's third, fourth, and sixth claims is **DENIED**. Plaintiff may remain class representative as to the third, fourth, and sixth claims. He may not, however, serve as class representative for the first, second, and fifth claims. Plaintiff's counsel are given until **JULY 10, 2008, AT NOON** to file a motion seeking leave to file an amended complaint properly designating a new class representative. The motion should include an appended copy of the proposed pleading, if such can be done within their

7

professional responsibilities. Any opposition to the motion should be filed by **JULY 17, 2008, AT NOON** and any reply should be filed by **JULY 24, 2008, AT NOON**. Except as stated in this paragraph, leave to amend is **DENIED**.

**IT IS SO ORDERED.**

Dated: June 16, 2008.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE