1    DOUGLAS R. SCHWARTZ (State Bar No. 98666)
     PETRA M. REINECKE (State Bar No. 154482)
2    SCOTT R. LOVERNICK (State Bar No. 233755)
     SCHWARTZ & CERA LLP
3    44 Montgomery Street, Suite 3850
     San Francisco, California 94104
4    Telephone:  (415) 956-2600
     Facsimile:  (415) 438-2655
5
     Attorneys for Defendants
6    U.S. PARKING, INC. and
     CIHAT ESREFOGLU
7

8                    UNITED STATES DISTRICT COURT

9                  NORTHERN DISTRICT OF CALIFORNIA

10

11   IBRAHIM E. KURTCU, on behalf of          )  Case No. C 08-02113-WHA
     himself and others similarly situated,   )
                                              )  **DEFENDANTS' ANSWER TO**
12              Plaintiff,                     )  **PLAINTIFF'S COMPLAINT**
                                              )
13       vs.                                   )
                                              )
14   U.S. PARKING, INC., a corporation;        )
     CIHAT ESREFOGLU, an individual; and       )
15   DOES 1 through 10, inclusive,             )
                                              )
16              Defendants.                    )

17

18       Defendants U.S Parking, Inc. and Cihat Esrefoglu ("Defendants") hereby answer the

19   Complaint filed by Plaintiff Ibrahim E. Kurtcu in the above-captioned action and admit, deny and

20   aver as follows:

21       1.      Defendants are informed and believe and thereupon admit that Plaintiff Ibrahim E.

22   Kurtcu is an adult California resident.  Defendants admit that Plaintiff is currently employed by

23   U.S. Parking, Inc. in San Francisco.

24       2.      Defendants admit that Plaintiff is a parking lot attendant.  Defendants admit that

25   parking lot attendants may be entitled to overtime and double time premium wages under certain

26   circumstances.  Except as expressly so admitted, Defendants deny each and every allegation

27   contained in Paragraph 2 of the Complaint.

28

3.    Answering Paragraph 3 of the Complaint, Defendants admit that U.S. Parking, Inc. operates as a corporation and that its corporate address as registered with the State of California is as stated.

4.    Defendants admit that Cihat Esrefoglu is a resident of San Francisco. Except as expressly so admitted, Defendants deny each and every allegation contained in Paragraph 4 of the Complaint.

5.    Defendants are without sufficient knowledge or information to form a belief as to the truth of the averments contained in Paragraph 5 of the Complaint, and on that basis deny them.

6.    Answering Paragraph 6 of the Complaint, Defendants admit that Plaintiff purports to bring the claims as alleged and to invoke the Superior Court's jurisdiction. However, this case has been removed to Federal Court and is now properly before this Court. Defendants deny that any injuries, obligations or liability have arisen as alleged.

7.    Answering Paragraph 7, Defendants admit that U.S. Parking, Inc. employees approximately 100 individuals and maintains numerous lots in San Francisco, CA. Defendants admit that many of the parking lot attendants are immigrants from Turkey and the Philippines. Except as expressly so admitted, Defendants deny each and every allegation contained in Paragraph 7 of the Complaint.

8.    Answering Paragraph 8 of the Complaint, Defendants admit that Plaintiff is currently employed as a parking lot attendant and is an immigrant from Turkey. Except as expressly so admitted, Defendants deny each and every allegation contained in Paragraph 8.

9.    Answering Paragraph 9 of the Complaint, Defendants admit that some of the duties of a parking lot attendant are as stated and that parking lot attendants may be entitled to overtime and double time pay under certain circumstances.

10.    Answering Paragraph 10 of the Complaint, Defendants are unaware of and do not believe a putative class exists. Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 10 of the Complaint. Except as expressly so admitted, Defendants deny each and every allegation contained in Paragraph 10 of the Complaint.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

11.    Defendants deny each and every allegation contained in Paragraph 11 of the Complaint. Defendants further assert that the allegations contained in Paragraph 11 relate to a cause of action that has been dismissed by order of this Court, dated June 16, 2008. Defendants further assert that no answer is necessary as to the putative class.

12.    Defendants deny each and every allegation contained in Paragraph 12 of the Complaint. Defendants further assert that the allegations contained in Paragraph 12 relate to a cause of action that has been dismissed by order of this Court, dated June 16, 2008. Defendants further assert that no answer is necessary as to the putative class.

13.    Answering Paragraph 13 of the Complaint, Defendants admit that certain parking attendants were paid in cash upon their request. Except as expressly so admitted, Defendants deny each and every allegation contained in Paragraph 13 of the Complaint.

14.    Defendants deny each and every allegation contained in Paragraph 14 of the Complaint.

15.    Defendants deny each and every allegation contained in Paragraph 15 of the Complaint.

16.    Defendants deny each and every allegation contained in Paragraph 16 of the Complaint.

17.    Answering Paragraph 17 of the Complaint, Defendants admit that Plaintiff purports to bring certain claims on behalf of himself and as a class and to seek certain relief as alleged.    Defendants assert that by order of this Court, dated June 16, 2008, the only claims Plaintiff may be eligible to bring on behalf of himself or a putative class are the third, fourth and sixth cause of action, (the sixth cause of action only as it relates to the third and fourth.) Except as expressly so admitted, Defendants deny each and every allegation contained in Paragraph 17 of the Complaint.

18.    Answering Paragraph 18 of the Complaint, Defendants admit that Plaintiff is a parking lot attendant. Except as expressly so admitted, Defendants deny each and every allegation contained in Paragraph 18 of the Complaint.

19.    Defendants deny each and every allegation contained in Paragraph 19 of the Complaint.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

20.    Defendants deny each and every allegation contained in Paragraph 20 of the Complaint.  Defendants further assert that three of the six causes of actions have been dismissed by order of this Court, dated June 16, 2008.

21.    Defendants deny each and every allegation contained in Paragraph 21 of the Complaint.  Defendants further assert that three of the six causes of actions have been dismissed by order of this Court, dated June 16, 2008.

22.    Defendants deny Plaintiff will fairly and adequately represent and protect the interests of a putative class.  Defendants deny the existence of a putative class.  Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 22 of the Complaint, and on this basis deny them.

23.    Defendants deny each and every allegation contained in Paragraph 23 of the Complaint.

24.    Answering Paragraph 24 of the Complaint, Defendants incorporate by reference the preceding paragraphs of this Answer.  Defendants further assert that this cause of action has been dismissed by order of this Court, dated June 16, 2008.

25.    Answering Paragraph 25 of the Complaint, Defendants respectfully refer to the statute alleged therein for its terms.  To the extent an answer is required to these averments, and to the extent that the averments differ or conflict with the plain language of the statute, Defendants deny them.  Defendants further assert that this cause of action has been dismissed by order of this Court, dated June 16, 2008.

26.    Answering Paragraph 26 of the Complaint, Defendants respectfully refer to the statute alleged therein for its terms.  To the extent an answer is required to these averments, and to the extent that the averments differ or conflict with the plain language of the statute, Defendants deny them.  Defendants further assert that this cause of action has been dismissed by order of this Court, dated June 16, 2008.

27.    Answering Paragraph 27 of the Complaint, Defendants respectfully refer to the statute alleged therein for its terms.  To the extent an answer is required to these averments, and to the extent that the averments differ or conflict with the plain language of the statute,

Defendants deny them. Defendants further assert that this cause of action has been dismissed by order of this Court, dated June 16, 2008.

28.     Answering Paragraph 28 of the Complaint, Defendants deny each and every allegation contained in this paragraph. Defendants further assert that this cause of action has been dismissed by order of this Court, dated June 16, 2008.

29.     Answering Paragraph 29 of the Complaint, Defendants deny each and every allegation contained in this paragraph. Defendants further assert that this cause of action has been dismissed by order of this Court, dated June 16, 2008.

30.     Answering Paragraph 30 of the Complaint, Defendants incorporate by reference the preceding paragraphs of this Answer. Defendants further assert that this cause of action has been dismissed by order of this Court, dated June 16, 2008.

31.     Answering Paragraph 31 of the Complaint, Defendants deny each and every allegation contained in this paragraph. Defendants further assert that this cause of action has been dismissed by order of this Court, dated June 16, 2008.

32.     Answering Paragraph 32 of the Complaint, Defendants deny that plaintiff and other parking lot attendants were entitled to the benefits stated. Defendants further assert that this cause of action has been dismissed by order of this Court, dated June 16, 2008.

33.     Answering Paragraph 33 of the Complaint, Defendants deny each and every allegation contained in this paragraph. Defendants further assert that this cause of action has been dismissed by order of this Court, dated June 16, 2008.

34.     Answering Paragraph 34 of the Complaint, Defendants deny each and every allegation contained in this paragraph. Defendants further assert that this cause of action has been dismissed by order of this Court, dated June 16, 2008.

35.     Answering Paragraph 35 of the Complaint, Defendants deny each and every allegation contained in this paragraph. Defendants further assert that this cause of action has been dismissed by order of this Court, dated June 16, 2008.

36.     Answering Paragraph 36 of the Complaint, Defendants incorporate by reference the preceding paragraphs of this Answer.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

37.    Answering Paragraph 37 of the Complaint, Defendants respectfully refer to the statute alleged therein for its terms. To the extent an answer is required to these averments, and to the extent that the averments differ or conflict with the plain language of the statute, Defendants deny them.

38.    Answering Paragraph 38 of the Complaint, Defendants respectfully refer to the Wage Order alleged therein for its terms. To the extent an answer is required to these averments, and to the extent that the averments differ or conflict with the plain language of the Wage Order, Defendants deny them.

39.    Defendants deny each and every allegation contained in Paragraph 39 of the Complaint.

40.    Answering Paragraph 40 of the Complaint, Defendants respectfully refer to the statute alleged therein for its terms. To the extent an answer is required to these averments, and to the extent that the averments differ or conflict with the plain language of the statute, Defendants deny them.

41.    Defendants deny each and every allegation contained in Paragraph 41 of the Complaint.

42.    Answering Paragraph 42 of the Complaint, Defendants incorporate by reference the preceding paragraphs of this Answer.

43.    Answering Paragraph 43 of the Complaint, Defendants respectfully refer to the statute alleged therein for its terms. To the extent an answer is required to these averments, and to the extent that the averments differ or conflict with the plain language of the statute, Defendants deny them.

44.    Defendants deny each and every allegation contained in Paragraph 44 of the Complaint.

45.    Answering Paragraph 45 of the Complaint, Defendants respectfully refer to the statute alleged therein for its terms. To the extent an answer is required to these averments, and to the extent that the averments differ or conflict with the plain language of the statute, Defendants deny them.

46.    Defendants deny each and every allegation contained in Paragraph 46 of the Complaint.

47.    Answering Paragraph 47 of the Complaint, Defendants incorporate by reference the preceding paragraphs of this Answer. Defendants further assert that this cause of action has been dismissed by order of this Court, dated June 16, 2008.

48.    Answering Paragraph 48 of the Complaint, Defendants respectfully refer to the statutes alleged therein for their terms. To the extent an answer is required to these averments, and to the extent that the averments differ or conflict with the plain language of the statutes, Defendants deny them. Defendants further assert that this cause of action has been dismissed by order of this Court, dated June 16, 2008.

49.    Answering Paragraph 49 of the Complaint, Defendants respectfully refer to the statute alleged therein for its terms. To the extent an answer is required to these averments, and to the extent that the averments differ or conflict with the plain language of the statute, Defendants deny them. Defendants further assert that this cause of action has been dismissed by order of this Court, dated June 16, 2008.

50.    Defendants deny each and every averment contained in Paragraph 50 of the Complaint. Defendants further assert that this cause of action has been dismissed by order of this Court, dated June 16, 2008.

51.    Answering Paragraph 51 of the Complaint, Defendants incorporate by reference the preceding paragraphs of this Answer.

52.    Answering Paragraph 52 of the Complaint, Defendants respectfully refer to the statute alleged therein for its terms. To the extent an answer is required to these averments, and to the extent that the averments differ or conflict with the plain language of the statute, Defendants deny them.

53.    Defendants deny each and every averment contained in Paragraph 53 of the Complaint.

54.    Answering Paragraph 54 of the Complaint, Defendants respectfully refer to the statutes alleged therein for their terms. To the extent an answer is required to these averments,

1   and to the extent that the averments differ or conflict with the plain language of the statutes,

2   Defendants deny them.

3       55.    Defendants deny each and every averment contained in Paragraph 55 of the

4   Complaint.

5       56.    Answering Paragraph 56 of the Complaint, Defendants respectfully refer to the

6   statutes alleged therein for their terms.  To the extent an answer is required to these averments,

7   and to the extent that the averments differ or conflict with the plain language of the statutes,

8   Defendants deny them.  Defendants deny that Plaintiff or any member of the purported putative

9   class is entitled to restitution.

10      57.    Defendants deny and every allegation contained in Paragraph 57 of the

11  Complaint.

12      58.    Defendants deny each and every allegation contained in Paragraph 58 of the

13  Complaint.

14      59.    Answering Paragraph 59 of the Complaint, Defendants incorporate by reference

15  the preceding paragraphs of this Answer.

16      60.    Defendants deny each and every allegation contained in Paragraph 60 of the

17  Complaint.

18      61.    Defendants deny each and every allegation contained in Paragraph 61 of the

19  Complaint.

20      WHEREFORE, Defendants deny that Plaintiff, on behalf of himself and all members of

21  the putative class, is entitled to any relief.

22      In addition, Defendants assert the following affirmative defenses to the allegations of the

23  Complaint.

### FIRST SEPARATE AND ADDITIONAL DEFENSE

(Failure to State a Claim)

The Complaint, and each purported claim contained therein, fails to state a claim upon
which relief can be granted.

## SECOND SEPARATE AND ADDITIONAL DEFENSE

### (Lack of Standing)

The Complaint, and each purported claim contained therein, is barred to the extent that Plaintiff lacks standing to assert the matters alleged against Defendants.

## THIRD SEPARATE AND ADDITIONAL DEFENSE

### (Class Certification Requirements Not Met)

This action does not meet the requirements for class action treatment under Rule 23 of the Federal Rules of Civil Procedure, and Plaintiff cannot prosecute it on behalf of the putative class he purports to represent.

## FOURTH SEPARATE AND ADDITIONAL DEFENSE

### (Statute of Limitations)

The Complaint, and each purported claim contained therein, is barred to the extent Plaintiff or any of the members of the putative class he purports to represent seek relief for conduct occurring outside the applicable statutes of limitation.

## FIFTH SEPARATE AND ADDITIONAL DEFENSE

### (Failure To Exhaust Remedies)

The Complaint and each purported claim stated therein is barred for failure to comply with applicable administrative requirements and to exhaust available remedies as required by contract.

## SIXTH SEPARATE AND ADDITIONAL DEFENSE

### (Good Faith)

Neither Plaintiff nor the members of the putative class he purports to represent are entitled to any penalty award under any California Labor Code provision because at all times relevant and material herein, Defendants acted in good faith and had reasonable grounds for believing that they did not violate the wage provisions of the California Labor Code.

///

///

///

///

## SEVENTH SEPARATE AND ADDITIONAL DEFENSE

### (Consent)

The Complaint, and each purported claim contained therein, is barred because Plaintiff or members of the putative class he purports to represent consented to the alleged conduct of Defendants.

## EIGHTH SEPARATE AND ADDITIONAL DEFENSE

### (Waiver)

The Complaint, and each purported claim contained therein, is barred because Plaintiff or members of the putative class he purports to represent by their actions have waived all claims asserted therein.

## NINTH SEPARATE AND ADDITIONAL DEFENSE

### (Estoppel)

The Complaint, and each purported claim contained therein, is barred because any conduct of Defendants which is alleged to be unlawful was taken as a result of conduct by Plaintiff or members of the putative class he purports to represent, and they are thus estopped to assert any claim against Defendants.

## TENTH SEPARATE AND ADDITIONAL DEFENSE

### (Unclean Hands)

The Complaint, and each purported claim contained therein, is barred to the extent Plaintiff or members of the putative class he purports to represent have been guilty of improper conduct connected to the matters alleged in the Complaint.

## ELEVENTH SEPARATE AND ADDITIONAL DEFENSE

### (Failure to Mitigate)

Any damages should be reduced to the extent that Plaintiff or the members of the putative class he purports to represent failed to mitigate them.

## TWELFTH SEPARATE AND ADDITIONAL DEFENSE

### (Offset)

Any damages claimed by Plaintiff or the members of the putative class he purports to represent should be reduced to the extent they are subject to an offset, representing amounts

1   improperly obtained from Defendants or which would constitute unjust enrichment of Plaintiff or

2   the members of the putative class he purports to represent.

### THIRTEENTH SEPARATE AND ADDITIONAL DEFENSE

(Paid All Sums)

The Complaint, and each purported claim contained therein, is barred because

Defendants have paid Plaintiff and the members of the putative class he purports to represent all

sums due them.

### FOURTEENTH SEPARATE AND ADDITIONAL DEFENSE

(Exempt Employee)

Plaintiff, and each of the purported class members he seeks to represent, are barred

from relief to the extent they were exempt from coverage under the provisions of the overtime

requirements of the California Labor Code and/or the Wage Orders referenced in the Complaint.

### FIFTEENTH SEPARATE AND ADDITIONAL DEFENSE

(Time Not Compensable)

The time for which Plaintiff, and each of the purported class members he seeks to

represent, seek compensation does not, in whole or in part, constitute compensable working time.

### SIXTEENTH SEPARATE AND ADDITIONAL DEFENSE

(Impermissible Representative Action)

Plaintiff, and each of the purported class members he seeks to represent, are barred

from obtaining relief against Defendants, because California Business and Professions Code

§17200, *et seq.*, does not permit representative actions where liability can be determined only

through fact-intensive individualized assessments of alleged wage and hour violations.

### SEVENTEENTH SEPARATE AND ADDITIONAL DEFENSE

(Release)

Plaintiff, and each of the purported class members he seeks to represent, are barred from

relief, at least in part, by the doctrine of release.

### EIGHTEENTH SEPARATE AND ADDITIONAL DEFENSE

(Accord and Satisfaction)

Plaintiff, and each of the purported class members he seeks to represent, are barred

from relief by the doctrine of accord and satisfaction.

## NINETEENTH SEPARATE AND ADDITIONAL DEFENSE

### (*De Minimus* Doctrine)

Some or all of the disputed time for which Plaintiff, and each of the purported class members he seeks to represent, may seek recovery of wages purportedly owed is not compensable pursuant to the *de minimus* doctrine.

## TWENTIETH SEPARATE AND ADDITIONAL DEFENSE

### (Penalties and Punitive Damages Sought Unconstitutional)

The Complaint, and each purported claim contained therein, is barred to the extent that the penalties and punitive damages sought are unconstitutional.

Defendants reserve the right to amend this Answer to aver any additional defenses as may later become available or apparent. Further, Defendants reserve the right to withdraw any defenses that it subsequently determines to be inapplicable. Nothing stated in the foregoing defenses constitutes a concession that Defendants bear any burden of proof on any issue on which it would not otherwise bear such burden.

**WHEREFORE**, Defendants pray for judgment as follows:

1.    That Plaintiff and the members of the putative class he purports to represent take nothing by virtue of this action;

2.    That judgment be entered in favor of Defendants and against Plaintiff and the action be dismissed with prejudice;

3.    For Defendant's attorneys' fees and costs of suit incurred herein; and

4.    For such other and further relief as the Court may deem proper.

DATED: June 26, 2008                    Respectfully submitted,


                                        /s/
                                        DOUGLAS R. SCHWARTZ
                                        PETRA M. REINECKE
                                        SCOTT R. LOVERNICK
                                        Attorney for Defendants
                                        U.S. PARKING, INC. and
                                        CIHAT ESREFOGLU