JACK W. LEE, SBN 71626
JOHN OTA, SBN 195532
LISA CHARBONNEAU, SBN 245906
MINAMI TAMAKI LLP
360 Post Street, 8th Floor
San Francisco, CA 94108
Tel. (415) 788-9000
Fax (415) 398-3887
jota@minamitamaki.com

DANIEL FEINBERG, SBN 135983
LEWIS, FEINBERG, LEE,
RENAKER & JACKSON P.C.
1330 Broadway, Suite 1800
Oakland, CA 94612
Tel. (510) 839-6824
Fax (510) 839-7839
dfeinberg@lewisfeinberg.com

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

(San Francisco Division)

| | |
|---|---|
| IBRAHIM E. KURTCU, on behalf of himself and others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>U.S. PARKING, INC., a corporation; CIHAT ESREFOGLU, an individual; and DOES 1 through 10, inclusive,<br><br>Defendants. | CIVIL ACTION NO. C 08-02113-WHA<br><br>**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT**<br><br>Date: August 14, 2008<br>Time: 8:00 a.m.<br>Courtroom: 9, 19th Floor<br><br>Judge: The Honorable William H. Alsup |

///

PLAINTIFF'S MPA IN SUPP. OF MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT

# INTRODUCTION

Pursuant to the Court's June 16, 2008 Order granting in part and denying in part defendant's Motion to Dismiss, plaintiff IBRAHIM E. KURTCU is moving the Court for leave to file an amended Complaint. Plaintiff seeks leave to amend his Complaint to: (1) substitute a new class representative since the Court found some of plaintiff KURTCU's claims to not be typical of the putative class; (2) add explicit claims under the Employee Retirement Income Security Act (ERISA) regarding plaintiff and the putative class' pension and retirement plans; and (3) dismiss without prejudice the existing claim for overtime pay under the Fair Labor Standards Act (FLSA), which overlaps the claims for unpaid overtime under California law, in order to simplify and streamline the case.

This motion is based on this Notice of Motion and Motion, Plaintiff's Memorandum of Points and Authorities in Support of Motion to Amend Complaint to File and Amended Complaint, the Proposed First Amended Complaint, other papers to be filed with the Court, all pleadings and papers on file in this action, and upon legal argument and other matters that may be presented to the Court before or at the time of the hearing.

# PROCEDURAL BACKGROUND

On March 12, 2008, plaintiff IBRAHIM KURTCU filed a class action complaint in San Francisco Superior Court with six causes of action: (1) failure to pay overtime and premium pay; (2) failure to timely pay all wages due; (3) failure to provide meal and rest periods; (4) failure to provide itemized wage statements; (5) failure to pay all wages to separated employees; and (6) unfair competition.

On April 23, 2008, defendants removed the case to federal district court. On April 28, 2008, defendants filed a Motion to Dismiss for failure to state a claim under Rule 12(b)(6) or, in the alternative, for summary judgment. Plaintiff filed an opposition brief on May 15, 2008 and the Court held a hearing on June 10, 2008 on the motion.

On June 16, 2008, the Court issued an Order granting in part and denying in part defendants' Motion to Dismiss. The Court allowed plaintiff until noon on July 10, 2008, to file a

///

MINAMI TAMAKI, LLP
360 Post Street, 8th Floor
San Francisco, CA 94108
Tel. (415) 788-9000
Fax (415) 398-3887

- 2 -
PLAINTIFF'S MPA IN SUPP. OF MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT

motion for leave to amend the complaint to properly designate a new class representative.

## BACKGROUND FACTS

Defendant U.S. PARKING employs over 100 individuals at numerous U.S. PARKING parking lots, almost all of which are in San Francisco, CA. Most of the U.S. PARKING employees work as parking lot attendants and most employees are recent immigrants from Turkey, Russia, or the Philippines, often with limited understanding of federal, state and local laws, including those governing the right to overtime and double time premium pay. Defendant CIHAT ESREFOGLU, on information and belief, is the sole owner, shareholder and director of U.S. PARKING, INC., and is the alter ego of defendant U.S. PARKING.

Plaintiff IBRAHIM KURTCU, an immigrant from Turkey, has worked for defendant U.S. PARKING as a parking lot attendant for about five or six years and remains employed by U.S. PARKING. Proposed new class representative ESIN KARADAG worked for defendant U.S. PARKING as a parking lot attendant from about 2005 to May 2008.

The duties of a parking lot attendant are to collect parking fees, to park and move cars, and to generally maintain the security of the parked cars and the parking lot. The position of parking lot attendant is a non-exempt position with regard to overtime pay.

Proposed new plaintiff KARADAG, like other parking lot attendants employed by U.S. PARKING, often worked 12 hours or more per day and also often worked six or seven days per week. Their supervisors were aware that KARADAG and other parking attendants were working such long hours because, among other reasons, the employees reported their hours on timesheets that they turned in to their supervisors. Despite these long hours, until on or about January 1, 2007, defendants willfully failed to pay KARADAG and other parking lot attendants at one-and-a-half times their regular rate of pay when required by law, and failed to pay parking lot attendants at double the regular rate of pay when required by law. Instead, U.S. PARKING paid KARADAG and other parking attendants at less than their regular hourly rate of pay established by contract.

In addition, defendant U.S. PARKING willfully failed to pay KARADAG and other parking attendants the full wages and compensation they were due by contract, insofar as U.S.

///

MINAMI TAMAKI, LLP
360 Post Street, 8th Floor
San Francisco, CA 94108
Tel. (415) 788-9000
Fax (415) 398-3887

- 3 -

PLAINTIFF'S MPA IN SUPP. OF MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT

PARKING failed to pay KARADAG and other parking attendants for their vacation time, holiday pay, sick and hospital leave pay, other paid leaves of absence (for jury duty, subpoenas, bereavement and voting), health, dental-orthodontia, prescription drug, vision, accident, sick, disability and life insurance, pension contributions, 401k contributions, commuter check, free uniforms, boots, tools and rain gear, plus maintenance of same, and other benefits - that they were entitled to. KARADAG and other parking attendants were harmed by U.S. PARKING's actions in many ways, including, but not limited to, being forced to purchase these benefits separately or having to pay much more for services, such as medical or dental services, because they lacked insurance coverage due to Defendants' actions.

Defendant U.S. PARKING issued KARADAG and other parking attendants wage statements showing only a fraction of the actual hours they worked. At the same time, defendant U.S. PARKING paid KARADAG and other parking attendants in cash for some, but not all of the remaining hours they worked. U.S. PARKING did this apparently in order to pay less than required by law for the benefits and taxes of KARADAG and other parking attendants. However, as a consequence of this system of paying some wages "under the table," KARADAG and other parking attendants have been harmed or will be harmed because the benefits they have received or will receive, including, but not limited to unemployment insurance, disability insurance, workers compensation, pension, and other benefits - depend on the amount of wages and/or work hours officially reported to the government and/or plan administrators.

Defendant U.S. PARKING also failed to ensure that KARADAG and other parking lot attendants had meal and rest period breaks as required by law, in which they were free of work responsibilities. As a consequence, plaintiff and other parking attendants were forced to work during their rest periods and eat while they worked during their meal periods.

When proposed new plaintiff KARADAG's employment with U.S. PARKING ended in May 2008, he was not paid all the wages he was due within 72 hours or within 30 days of when his employment ended. On information and belief, when other parking lot attendants were terminated, laid off or resigned from their jobs with defendant U.S. PARKING, they were not paid all the

///

MINAMI TAMAKI, LLP
360 Post Street, 8th Floor
San Francisco, CA 94108
Tel. (415) 788-9000
Fax (415) 398-3887

wages they had earned at the time their employment ended or within 72 hours of the time their employment ended.

U.S. PARKING has failed to keep records of plaintiff KARADAG's and other parking attendants' work hours and overtime work. In doing so, U.S. PARKING has failed to comply with ERISA's requirement that it maintain records sufficient to determine benefits due or which may become due under the terms of the Pension Fund and 401k Plan.

Upon information and belief, the plan documents and trust agreements for the Pension Fund and 401k Plan provide that employer contributions are plan assets when such contributions become due and payable to the Pension Fund and 401k Plan. U.S. PARKING has failed to pay employer contributions to the Pension Fund and 401k Plan for some of plaintiff KARADAG and other parking attendants' covered hours. Therefore, U.S. PARKING has breached its fiduciary duties by misusing plan assets.

## ARGUMENT

### I. THE FEDERAL COURTS' LIBERALITY IN PERMITTING AMENDMENT OF PLEADINGS AND THE STRONG POLICY FAVORING DISPOSITION OF ACTIONS ON THEIR MERITS SUPPORT GRANTING LEAVE TO AMEND

Rule 15(a) of the Federal Rules of Civil Procedure requires that leave to amend shall be freely given when justice so requires. Likewise, the Ninth Circuit has concurred that leave to amend be freely given unless the opposing party makes a showing of undue prejudice, bad faith, or dilatory motive on the part of the moving party. *Martinez v. Newport Beach*, 125 F3d 777, 785 (9th Cir. 1997).

Moreover, the Ninth Circuit has stated that this policy of freely allowing amendments is to be applied with "extraordinary liberality". *Morongo Band of Mission Indians v. Rose*, 893 F2d 1074, 1079 (9th Cir. 1990). In addition, amendments seeking to add claims are to be granted more freely than amendments seeking to add parties. *Union Pac. R.R. Co. V. Nevada Power Co.*, 950 F2d 1429, 1432 (9th Cir. 1991).

Here, plaintiff seeks leave to amend his Complaint to: (1) substitute a new class representative since the Court found some of plaintiff KURTCU's claims to not be typical of the

///

MINAMI TAMAKI, LLP
360 Post Street, 8th Floor
San Francisco, CA 94108
Tel. (415) 788-9000
Fax (415) 398-3887

- 5 -

PLAINTIFF'S MPA IN SUPP. OF MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT

putative class; (2) add explicit claims under the Employee Retirement Income Security Act (ERISA) regarding plaintiff and the putative class' pension and retirement plans; and (3) dismiss without prejudice the existing claim for overtime pay under the Fair Labor Standards Act (FLSA), which overlaps the claims for unpaid overtime under California law, in order to simplify and streamline the case.

Justice requires that plaintiff be permitted to amend his complaint to substitute a new class representative. It is well established that "public policy strongly favor[s] disposition of actions on their merits." *Yourish v. Cal Amplifier*, 191 F.3d 983, 992 (9th Cir. 1999). Because the Court has found that plaintiff KURTCU is not an appropriate class representative for all of the claims in this action, the case cannot be decided in full on its merits unless one or more new class representatives are added by amendment of the Complaint. Upon substitution of a new class representative, Ibrahim Kurtcu will participate in this action, if at all, as a class member and his outstanding individual claims will be determined as part of the class.

To not allow amendment of the Complaint to substitute a new class representative would lead to the dismissal of the class action without a determination of the merits of the action, a result that "obviously would frustrate the objectives of class actions; moreover it would invite waste of judicial resources by stimulating successive suits brought by others claiming aggrievement." *Deposit Guaranty National Bank v. Roper*, 445 U.S. 326, 339, 100 S.Ct. 1166, 63 L.Ed.2d 427 (1980).

As to the ERISA claims, plaintiff's original Complaint alleged that defendant U.S. PARKING willfully failed to properly pay plaintiff KURTCU and other parking attendants their pension and 401k retirement plan benefits. See Complaint ¶¶ 12, 20, 32. However, the Complaint did not list explicit, separate causes of action for violation of ERISA. Plaintiff now seeks to add claims under ERISA that address 1) U.S. PARKING's failure to properly contribute to the class' pension plan and 401k plan, and 2) U.S. PARKING's failure to maintain records of the class' work hours sufficient to determine benefits due under the terms of the pension and 401k plans. Granting plaintiff leave to amend would be fully consistent with the policy favoring disposition on the

///

MINAMI TAMAKI, LLP
360 Post Street, 8th Floor
San Francisco, CA 94108
Tel. (415) 788-9000
Fax (415) 398-3887

merits of the class claims brought under ERISA.

Plaintiff also seeks to dismiss without prejudice the claim under the Fair Labor Standards Act (FLSA) for overtime pay. The reason for this amendment is that the FLSA overtime claim is duplicative of the claim for overtime pay under California law, except that California law is in many ways more favorable to the employees. For example, any hours worked over eight hours per day is considered overtime under California law (8 Cal. Code Regs. §§ 11100-11130, 11150 ¶ 3), but under federal law, only hours worked in excess of 40 hours per week are considered overtime (29 C.F.R. §§778.100-778.101). Plaintiff's proposed dismissal of the FLSA claim would simplify and streamline the case.

Thus, because of the strong federal policy of "extraordinary liberality" in favor of granting leave to amend, the Court should grant plaintiff leave to amend his Complaint to substitute a new class representative, to add ERISA claims and to dismiss without prejudice the FLSA claim.

## II. BECAUSE DEFENDANT CANNOT SHOW PREJUDICE AND THE AMENDMENT IS NOT FRIVOLOUS OR MADE AS A DILATORY MOVE IN BAD FAITH, IT WOULD BE AN ABUSE OF DISCRETION TO DENY LEAVE TO AMEND

While leave to amend is not absolute, "[w]here there is lack of prejudice to the opposing party and the amended complaint is obviously not frivolous or made as a dilatory maneuver in bad faith, it is an abuse of discretion to deny such a motion." *Hurn v. Retirement Fund Trust of Plumbing, Heating & Piping Ind. of So. Calif.*, 648 F.2d 1252, 1254 (9th Cir. 1981). In order to justify denial of leave to amend, the prejudice to the opposing party must be substantial. *Morongo Band of Mission Indians v. Rose*, 893 F2d 1074, 1079 (9th Cir. 1990).

Here, allowing plaintiff leave to amend his Complaint does not prejudice defendant in any way and is consistent with the Court's order. Substituting a new class representative creates no prejudice since defendants were already on notice of the class claims when the original Complaint was filed. Similarly, since plaintiff's original Complaint referenced defendant U.S. PARKING's failure to properly pay the putative class for pension and 401k benefits (see paragraphs 12, 20 and 32), U.S. PARKING has been aware all along of plaintiff's ERISA claims and can show no

///

- 7 -

PLAINTIFF'S MPA IN SUPP. OF MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT

MINAMI TAMAKI, LLP
360 Post Street, 8th Floor
San Francisco, CA 94108
Tel. (415) 788-9000
Fax (415) 398-3887

prejudice, much less substantial prejudice, in allowing plaintiff to amend his Complaint. By amending his Complaint to add ERISA claims, plaintiff is, in effect, merely changing the *form* of his claim while the *substance* of the claim remains the same.

Moreover, "[a]ny prejudice to the nonmovant must be weighed against the prejudice to the moving party by not allowing the amendment." *Bell v. Allstate Life Ins. Co.*, 160 F.3d 452, 454 (8th Cir. 1998). Here, plaintiff would be prejudiced if leave to amend is denied because he might then be deprived of the opportunity to obtain a decision of his and the putative class claims on their merits.

Because the motion for leave to amend is brought only three months after the original Complaint was filed, there is no basis for defendants to claim that plaintiff was dilatory. And since the proposed new class representative has not resolved any of the claims involved in this action through arbitration and he is not otherwise an unrepresentative or inadequate class representative, there are no grounds for defendants to charge that the proposed amendment is frivolous.

Thus, since defendant U.S. PARKING can show no prejudice if plaintiff is allowed to amend his Complaint to substitute a new class representative, add ERISA claims, and dismiss without prejudice the FLSA claim, and the proposed amended Complaint "is obviously not frivolous or made as a dilatory maneuver in bad faith," it would be "an abuse of discretion do deny such a motion." *Hurn*, 648 F.2d at 1254.

## CONCLUSION

Based on the foregoing, plaintiff IBRAHIM KURTCU respectfully requests that the Court grant his Motion for Leave to Amend his Complaint to modify the causes of action and to substitute a new class representative.

///

///

///

///

///

- 8 -
PLAINTIFF'S MPA IN SUPP. OF MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT

MINAMI TAMAKI, LLP
360 Post Street, 8th Floor
San Francisco, CA 94108
Tel. (415) 788-9000
Fax (415) 398-3887

Dated: July 10, 2008

Respectfully Submitted,

MINAMI TAMAKI LLP

By: _____
Lisa Charbonneau

LEWIS, FEINBERG, LEE,
RENAKER & JACKSON P.C.

Attorneys for Plaintiffs

MINAMI TAMAKI, LLP
360 Post Street, 8th Floor
San Francisco, CA 94108
Tel. (415) 788-9000
Fax (415) 398-3887

- 9 -

PLAINTIFF'S MPA IN SUPP. OF MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT