1  JACK W. LEE, SBN 71626
   JOHN OTA, SBN 195532
2  LISA CHARBONNEAU, SBN 245906
   MINAMI TAMAKI LLP
3  360 Post Street, 8th Floor
   San Francisco, CA 94108
4  Tel. (415) 788-9000
   Fax (415) 398-3887
5  jota@minamitamaki.com

6  DANIEL FEINBERG, SBN 135983
   LEWIS, FEINBERG, LEE,
7  RENAKER & JACKSON P.C.
   1330 Broadway, Suite 1800
8  Oakland, CA 94612
   Tel. (510) 839-6824
9  Fax (510) 839-7839
   dfeinberg@lewisfeinberg.com
10
   Attorneys for Plaintiffs
11

12

13                    UNITED STATES DISTRICT COURT

14            FOR THE NORTHERN DISTRICT OF CALIFORNIA

15                      (San Francisco Division)

16  ESIN KARADAG, on behalf of himself and   )  CIVIL ACTION NO.  C 08-02113-WHA
    others similarly situated,                )
17                                            )
                                              )
18                          Plaintiff,        )  **[PROPOSED] FIRST AMENDED**
                                              )  **CLASS ACTION COMPLAINT**
19              vs.                           )
                                              )  1.  **FAILURE TO PAY OVERTIME**
20  U.S. PARKING, INC., a corporation; CIHAT  )      **AND PREMIUM PAY**
    ESREFOGLU, an individual; and DOES 1      )  2.  **FAILURE TO TIMELY PAY ALL**
21  through 10, inclusive,                    )      **WAGES DUE**
                                              )  3.  **FAILURE TO PROVIDE MEAL**
22                                            )      **AND REST PERIODS**
                                              )  4.  **FAILURE TO PROVIDE**
23                          Defendants.       )      **ITEMIZED WAGE STATEMENT**
                                              )  5.  **FAILURE TO PAY ALL WAGES**
24                                            )      **TO SEPARATED EMPLOYEES**
                                              )  6.  **UNFAIR COMPETITION**
25                                            )  7.  **FAILURE TO MAINTAIN**
                                              )      **RECORDS**
26                                            )  8.  **BREACH OF FIDUCIARY DUTY**
                                              )
27                                               **JURY TRIAL DEMANDED**

28  ///

MINAMI TAMAKI, LLP
360 Post Street, 8th Floor
San Francisco, CA 94108
Tel. (415) 788-9000
Fax (415) 398-3887

FIRST AMENDED CLASS ACTION COMPLAINT – Case No. C 08-02113-WHA

1    Plaintiff ESIN KARADAG complains and alleges as follows:

2                                **JURISDICTION AND VENUE**

3        1.    This Court has jurisdiction over this action under 28 U.S.C. section 1331 because

4    the action is brought in part under federal law, namely the Employee Retirement Income Security

5    Act (ERISA), 29 U.S.C. section 1132(a) *et seq.* The District Court in the Northern District of

6    California is proper venue for this action because some of DEFENDANTS' obligations and

7    liability arose therein, because DEFENDANTS maintain offices and operations within the County

8    of San Francisco, and because injuries sustained by Plaintiffs and the putative class that are the

9    subject of this action occurred in part in the County of San Francisco.

10                                **THE PARTIES**

11       2.    Plaintiff ESIN KARADAG is, and at all times relevant herein was, an adult

12   California resident. KARADAG was employed by defendant U.S. PARKING, INC. in San

13   Francisco from about 2005 through May 2008.

14       3.    Plaintiff KARADAG and the putative class are and were parking lot attendants who

15   are not exempt from receiving overtime pay. Plaintiff and the putative class are and were at all

16   times relevant herein, entitled to overtime and double-time premium wages if they worked the

17   required hours.

18       4.    Defendant U.S. PARKING, INC. ("U.S. PARKING") is a corporation operating in

19   and registered as a corporation with the State of California with a business address of 5145

20   Diamond Heights Boulevard, San Francisco, CA 94131. U.S. PARKING is a contributing

21   Employer to the Western Conference of Teamsters Pension Trust Fund and Supplemental Income

22   401k Plan. U.S. Parking is a "fiduciary" of the Pension Fund and 401k Plan within the meaning of

23   the Employee Retirement Income Security Act ("ERISA") Section 3(21)(A) because it has

24   exercised authority or control over unpaid contributions to the Pension Fund and 401k Plan that are

25   plan assets.

26       5.    Plaintiff KARADAG and the putative class are and were participants in the Western

27   Conference of Teamsters Pension Trust Fund ("Pension Fund") and Supplemental Income 401k

28   ///

MINAMI TAMAKI, LLP
360 Post Street, 8th Floor
San Francisco, CA 94108
Tel. (415) 788-9000
Fax (415) 398-3887

1   Plan (401k Plan), both of which U.S. PARKING is a fiduciary.

2        6.      On information and belief, defendant CIHAT ESREFOGLU is, and all times

3   relevant herein was, the sole owner, shareholder and director of U.S. PARKING, INC., and a

4   resident of San Francisco, CA. At all relevant times herein, DEFENDANTS were the agents of

5   each other and acting within the course and scope of their agency.

6        7.      Plaintiff is ignorant of the true names and capacities of defendants sued herein as

7   DOES 1 through 10, inclusive, and therefore sues these defendants by such fictitious names.

8   Plaintiff will amend this complaint to allege their true names and capacities when ascertained.

9   Plaintiff is informed and believes and thereupon alleges that each of the fictitiously named

10  defendants is responsible in some manner for the occurrences alleged herein and that Plaintiff's

11  damages as herein alleged are proximately caused by such occurrences.

12  **BACKGROUND FACTS**

13       8.      Defendant U.S. PARKING employs over 100 individuals at numerous U.S.

14  PARKING parking lots, almost all of which are in San Francisco, CA.  Most of the U.S.

15  PARKING employees work as parking lot attendants and most employees are recent immigrants

16  from Turkey, Russia, or the Philippines, often with limited understanding of federal, state and local

17  laws, including those governing the right to overtime and double time premium pay.  Defendant

18  CIHAT ESREFOGLU, on information and belief, is the sole owner, shareholder and director of

19  U.S. PARKING, INC., and is the alter ego of defendant U.S. PARKING.

20       9.      Plaintiff ESIN KARADAG worked for defendant U.S.  PARKING as a parking lot

21  attendant from about 2005 to May 2008.

22       10.     The duties of a parking lot attendant are to collect parking fees, to park and move

23  cars and to generally maintain the security of the parked cars and the parking lot.  The position of

24  parking lot attendant is a non-exempt position with regard to overtime pay.

25       11.     Plaintiff KARADAG , like other parking lot attendants employed by U.S.

26  PARKING, often worked 12 hours or more per day and also often worked six or seven days per

27  week.  Their supervisors were aware that KARADAG and other parking attendants were working

28  ///

MINAMI TAMAKI, LLP
360 Post Street, 8th Floor
San Francisco, CA 94108
Tel. (415) 788-9000
Fax (415) 398-3887

- 3 -

1  such long hours because, among other reasons, the employees reported their hours on timesheets

2  that they turned in to their supervisors.  Despite these long hours, until on or about January 1, 2007,

3  defendants willfully failed to pay plaintiff KARADAG and other parking lot attendants at one-and-

4  a-half times their regular rate of pay when required by law, and failed to pay parking lot attendants

5  at double the regular rate of pay when required by law.  Instead, U.S. PARKING paid plaintiff

6  KARADAG and other parking attendants at less than their regular hourly rate of pay established by

7  contract.

8          12.    In addition, defendant U.S. PARKING willfully failed to pay plaintiff KARADAG

9  and other parking attendants the full wages and compensation they were due by contract, insofar as

10  U.S. PARKING failed to pay plaintiff KARADAG and other parking attendants for their vacation

11  time, holiday pay, sick and hospital leave pay, other paid leaves of absence (for jury duty,

12  subpoenas, bereavement and voting), health, dental-orthodontia, prescription drug, vision, accident,

13  sick, disability and life insurance, pension contributions, 401k contributions, commuter check, free

14  uniforms, boots, tools and rain gear, plus maintenance of same, and other benefits – that they were

15  entitled to.  Plaintiff KARADAG and other parking attendants were harmed by U.S. PARKING's

16  actions in many ways, including, but not limited to, being forced to purchase these benefits

17  separately or having to pay much more for services, such as medical or dental services, because

18  they lacked insurance coverage due to Defendants' actions.

19          13.    Defendant U.S. PARKING issued plaintiff KARADAG and other parking

20  attendants wage statements showing only a fraction of the actual hours they worked.  At the same

21  time, defendant U.S. PARKING paid plaintiff KARADAG and other parking attendants in cash for

22  some, but not all of the remaining hours they worked.  U.S. PARKING did this apparently in order

23  to pay less than required by law for the benefits and taxes of plaintiff KARADAG and other

24  parking attendants.  However, as a consequence of this system of paying some wages "under the

25  table," plaintiff KARADAG and other parking attendants have been harmed or will be harmed

26  because the benefits they have received or will receive, including, but not limited to unemployment

27  insurance, disability insurance, workers compensation, pension, and other benefits – depend on the

28  ///

MINAMI TAMAKI, LLP
360 Post Street, 8th Floor
San Francisco, CA  94108
Tel. (415) 788-9000
Fax (415) 398-3887

- 4 -

FIRST AMENDED CLASS ACTION COMPLAINT – Case No. C 08-02113-WHA

1  amount of wages and/or work hours officially reported to the government and/or plan

2  administrators.

3        14.    Defendant U.S. PARKING also failed to ensure that plaintiff KARADAG and other

4  parking lot attendants had meal and rest period breaks as required by law, in which they were free

5  of work responsibilities. As a consequence, plaintiff and other parking attendants were forced to

6  work during their rest periods and eat while they worked during their meal periods.

7        15.    When plaintiff KARADAG's employment with U.S. PARKING ended in May

8  2008, he was not paid all the wages he was due within 72 hours or within 30 days of when his

9  employment ended. On information and belief, when other parking lot attendants were terminated,

10  laid off or resigned from their jobs with defendant U.S. PARKING, they were not paid all the

11  wages they had earned at the time their employment ended or within 72 hours of the time their

12  employment ended.

13        16.    Many, if not most of U.S. PARKING's parking lots lack bathrooms, lunch rooms,

14  running water, electricity and shelter from the elements. This means that plaintiff KARADAG and

15  other parking attendants have to work in the rain and cold with little or no protection, leading in

16  some cases to injuries, illness or aggravation of existing conditions.

17        17.    U.S. PARKING has failed to keep records of plaintiff KARADAG's and other

18  parking attendants' work hours and overtime work. In doing so, U.S. PARKING has failed to

19  comply with ERISA's requirement that it maintain records sufficient to determine benefits due or

20  which may become due under the terms of the Pension Fund and 401k Plan.

21        18.    Upon information and belief, the plan documents and trust agreements for the

22  Pension Fund and 401k Plan provide that employer contributions are plan assets when such

23  contributions become due and payable to the Pension Fund and 401k Plan. U.S. PARKING has

24  failed to employer contributions to the Pension Fund and 401k Plan for some of plaintiff

25  KARADAG and other parking attendants' covered hours.

26  **CLASS ALLEGATIONS**

27        19.    Plaintiff KARADAG brings this action pursuant to Rule 23(a), (b)(1), (b)(2) and

28  ///

- 5 -

MINAMI TAMAKI, LLP
360 Post Street, 8ᵗʰ Floor
San Francisco, CA 94108
Tel. (415) 788-9000
Fax (415) 398-3887

FIRST AMENDED CLASS ACTION COMPLAINT – Case No. C 08-02113-WHA

1    (b)(3) of the Federal Rules of Civil Procedure on behalf of a class of all past and present employees

2    who are working or have worked as parking lot attendants for U.S. PARKING since March 2002;

3    were denied timely payment of some or all of their regular, overtime and double-time premium

4    wages, including benefits; who suffered or will suffer from U.S. PARKING's failure to pay all

5    legally required employer taxes and contributions as required by state laws; who were forced to

6    work during their meal and rest periods; who were not paid all wages they earned up to the time

7    their employment with U.S. PARKING ended or within 72 hours thereof; and for whom U.S.

8    PARKING failed to keep complete and accurate records of work hours and failed to make proper

9    employer contributions to the Pension Fund and 401k Plan .

10          20.    Plaintiff KARADAG is a member of the class he seeks to

11    Represent.

12          21.    The numbers of the class identified herein are so numerous that joinder of all

13    members is impracticable.  The number of class members is currently indeterminate, but is

14    certainly larger than can be addressed through joinder.  Upon information and belief, plaintiff

15    estimates that the class will include more than 100 persons.

16          22.    There are questions of law and fact common to the class, and these questions

17    predominate over any questions affecting only individual members.  Common questions include,

18    but are not necessarily limited to these:

19          (1)    whether plaintiff and putative class members worked more than eight hours

20                 per day with the actual or constructive knowledge of their supervisors;

21          (2)    whether plaintiff and putative class members worked more than 12 hours per

22                 day with the actual or constructive knowledge of their supervisors;

23          (3)    whether plaintiff and putative class members worked seven days consecutive

24                 days in a work week with the actual or constructive knowledge of their

25                 supervisors;

26          (4)    whether defendants failed to pay plaintiff and putative class members,

27                 within the time periods required by law, all of the wages they were due at

28    ///                                    - 6 -

MINAMI TAMAKI, LLP
360 Post Street, 8th Floor
San Francisco, CA  94108
Tel. (415) 788-9000
Fax (415) 398-3887

proper contract hourly rate based on length of each person's employment;

(5)    whether, within the time periods required by law, defendants failed to pay for all benefits plaintiff and putative class members were entitled to, including, but not necessarily limited to: vacation time, holiday pay, sick and hospital leave pay, other paid leaves of absence (for jury duty, subpoenas, bereavement and voting), health, dental-orthodontia, prescription drug, vision, accident, sick, disability and life insurance, pension, 401k benefits, commuter check and other benefits;

(6)    whether defendants failed to pay all of the employer taxes, contributions and other amounts required by law for state programs such as, but not limited to state disability, unemployment insurance and workers compensation insurance, for each plaintiff and putative class member;

(7)    whether defendants failed to comply with laws requiring employers to provide plaintiff and putative class members with accurate, itemized wage statements for each pay period;

(8)    whether defendants failed to ensure that plaintiff and putative class members were relieved of all work responsibilities during the meal and rest periods required by law;

(9)    whether defendants failed to pay all wages due to plaintiff and putative class members who left employment at U.S. PARKING at the time they left or within 72 hours of their last day of work;

(10)    whether U.S. PARKING kept accurate records of work hours sufficient to determine benefits due or which may become due to the putative class members;

(11)    whether U.S. PARKING failed to make employer contributions to the Pension Fund and 401k Plan on behalf of the putative class;

(12)    whether an award of injunctive relief, restitution and other equitable

///

MINAMI TAMAKI, LLP
360 Post Street, 8th Floor
San Francisco, CA 94108
Tel. (415) 788-9000
Fax (415) 398-3887

FIRST AMENDED CLASS ACTION COMPLAINT – Case No. C 08-02113-WHA

1    remedies and penalties is warranted.

2    23.    The claims of the Named Plaintiff are typical of the claims of the class.

3    24.    The Named Plaintiff will fairly and adequately represent and protect the interests

4    of the members of the class.  Plaintiff KARADAG has retained counsel who are competent and

5    experienced in complex class actions,  California wage and hour law, ERISA litigation, and unfair

6    competition law.

7    25.    Class certification is appropriate pursuant to Rule 23(b)(1) and/or (b)(2) of the

8    Federal Rules of Civil Procedure because U.S. PARKING has acted or refused to act on grounds

9    generally applicable to the class, making appropriate declaratory and injunctive relief with respect

10    to Plaintiffs and the class as a whole, and plaintiff charges a breach of trust affecting a large

11    number of pension and retirement plan participants in his ERISA claims.  Class certification is also

12    appropriate pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure because common

13    questions of law and fact predominate over any questions affecting only individual members of the

14    class, and because a class action is superior to other available methods for the fair and efficient

15    adjudication of this litigation.  Putative class members have been injured and are entitled to

16    recovery as a result of defendants' common, uniform and unlawful personnel and payroll policies

17    and practices.

18    **FIRST CAUSE OF ACTION**
**(Failure to Pay Overtime, Cal. Labor Code § 1194)**
19    **(On Behalf of Plaintiff and All Class Members)**

20    26.    Plaintiff Karadag realleges and incorporates paragraphs 1 through 25, inclusive, as

21    though fully set forth herein.

22    27.    Labor Code § 510 requires that employers pay all non-exempt employees an

23    overtime premium, calculated as a multiple of the employees "Regular Rate" of pay (as defined in

24    the Labor Code and California Code of Regulations), for all time worked in excess of eight (8)

25    hours in a day and in excess of (40) hours in a week, and a double-time premium for all hours

26    worked in excess of twelve (12) hours in a day and after the eighth hour of work on the seventh

27

28    ///                                   - 8 -

MINAMI TAMAKI, LLP
360 Post Street, 8ᵗʰ Floor
San Francisco, CA 94108
Tel. (415) 788-9000
Fax (415) 398-3887

1 consecutive work day.

2    28.    Labor Code § 515(d) requires that where a non-exempt employee is paid a salary

3 rather than an hourly wage, the "Regular Rate" of pay for the purposes of calculating overtime

4 shall be 1/40th of the employees weekly salary, and including all applicable bonuses and other

5 remuneration.  Labor Code § 1194 provides a private right of action to recover all unpaid overtime

6 compensation, interest and attorneys fees and costs.

7    29.    DEFENDANTS, pursuant to a policy and practice in place since a date unknown

8 but at least since January 2002, failed to pay plaintiff KARADG and other parking attendants

9 overtime and double-time wages for all overtime and double-time hours worked by unlawfully

10 misclassifying them as exempt employees.

11    30.    DEFENDANTS' failure to pay overtime and double-time wages, has resulted in a

12 loss of wages for plaintiff KARADAG and other parking attendants, in an amount to be ascertained

13 from DEFENDANTS' own records and other evidence.

14    Wherefore, Plaintiffs pray for judgment as set forth below.

### SECOND CAUSE OF ACTION
#### (Failure to Timely Pay All Wages Due – Cal. Labor Code §§ 204, 223)
#### (On Behalf of Plaintiff and All Class Members)

17    31.    Plaintiff Karadag realleges and incorporates by reference paragraphs 1 through 29,

18 inclusive, as though fully alleged herein.

19    32.    Plaintiff KARADAG and other parking attendants are or were employed by

20 defendant U.S. PARKING on a full-time basis and satisfactorily performed all work requested or

21 required of them by U.S. PARKING throughout their employment.

22    33.    Plaintiff KARADAG and other parking attendants were entitled to

23 be paid on a twice a month or once a month basis all the wages they earned in the previous pay

24 period according to contract, including benefits such as vacation time, holiday pay, sick and

25 hospital leave pay, other paid leaves of absence (for jury duty, subpoenas, bereavement and

26 voting), health, dental-orthodontia, prescription drug, vision, accident, sick, disability and life

27 insurance, pension, 401k benefits, commuter check benefits and free uniforms, boots, tools and

28    ///

MINAMI TAMAKI, LLP
360 Post Street, 8th Floor
San Francisco, CA  94108
Tel. (415) 788-9000
Fax (415) 398-3887

FIRST AMENDED CLASS ACTION COMPLAINT – Case No. C 08-02113-WHA

rain gear, plus maintenance of same.

34.    Defendant U.S. PARKING willfully failed to pay plaintiff and other parking attendants all wages, including benefits, they had earned, as required by Labor Code section 223 at the times required by Labor Code section 204.

35.    Defendant CIHAT ESREFOGLU is individually liable for plaintiff's and other parking attendants' unpaid wages because he has improperly treated U.S. PARKING as his alter ego by failing to observe corporate formalities and attempting to assert his own personal control over all corporate assets in violation of the corporate bylaws.

36.    Accordingly, plaintiff KARADAG and other parking attendants are entitled to recover all unpaid wages, including benefits, in an amount to be proven at trial.

Wherefore, Plaintiff prays for judgment as set forth below.

## THIRD CAUSE OF ACTION
**(Failure to Provide Meal and Rest Periods, Cal. Labor Code § 226.7, Wage Order 9)**
**(On Behalf of Plaintiff and All Class Members)**

37.    Plaintiff realleges and incorporates paragraphs 1 through 36, inclusive, as though fully set forth herein.

38.    Labor Code § 226.7 states that no employer shall require any employee to work through any meal or rest period mandated by the applicable Wage Order of the Industrial Wage Commission. Wage Order 9 covers all non-exempt employees working in transportation operations and services, including garages and parking lots.

39.    Wage Order 9 mandates that all covered employees working more than six hours per day receive one uninterrupted thirty (30) minute meal period in which the employees are relieved of all duty, for every five (5) hours worked, as well as a ten (10) minute rest period for every four (4) hours worked.

40.    Plaintiffs KARADAG and other parking attendants were not provided with all required meal and rest periods, and were often required to work far longer than is permitted without receiving any break whatsoever.

///

- 10 -

MINAMI TAMAKI, LLP
360 Post Street, 8th Floor
San Francisco, CA 94108
Tel. (415) 788-9000
Fax (415) 398-3887

41.    Under Labor Code § 226.7, if an employer fails to provide an employee with a mandated meal or rest period, the employer is liable to the employee for one hour of compensation at the employees' regular rate of pay for each work day a meal or rest period was not provided.

42.    Plaintiff KARADAG and the putative class have been injured by DEFENDANTS' unlawful conduct alleged herein, and seek recovery of all compensation due to them under Wage Order 7 and Labor Code § 226.7.

Wherefore, Plaintiff prays for judgment as set forth below.

**FOURTH CAUSE OF ACTION**
**(Failure to Provide Accurate Itemized Wage Statements,**
**Cal. Labor Code § 226, IWC Order 7)**
**(On Behalf of Plaintiff and All Class Members)**

43.    Plaintiff realleges and incorporates paragraphs 1 through 42, inclusive, as though fully set forth herein.

44.    California Labor Code § 226 provides, in relevant part, that every employer must furnish each employee with an itemized wage statement that shows the total number of hours worked by each employee during each pay period, their gross wages, all deductions, all applicable hourly rates of pay and other information.

45.    In violation of Labor Code § 226, defendants willfully underreported the total hours worked, gross wages and applicable hourly rates on the wage statements given to plaintiff KARADAG and other parking attendants.

46.    Labor Code § 226 provides that an employee suffering injury as a result of not being provided with an accurate itemized wage statement is entitled to recover the greater of all actual damages suffered or fifty ($50) dollars for the initial violation and one-hundred ($100) dollars for each subsequent violation.

47.    Plaintiff KARADAG and the putative class were injured by not receiving accurate itemized wage statements, and seek to recover the penalties provided for by Labor Code § 226.

Wherefore, Plaintiff prays for judgment as set forth below.

///

///

MINAMI TAMAKI, LLP
360 Post Street, 8th Floor
San Francisco, CA 94108
Tel. (415) 788-9000
Fax (415) 398-3887

- 11 -

FIRST AMENDED CLASS ACTION COMPLAINT – Case No. C 08-02113-WHA

1

2

3

**FIFTH CAUSE OF ACTION**
**(Failure to Pay All Wages to Discharged and Quitting Employees,**
**Cal. Labor Code § 201, 202 and 203, Wage Order 9)**
**(On Behalf of Plaintiff and All Class Members)**

4    48.    Plaintiff KARADAG realleges and incorporates paragraphs 1 through 47, inclusive,

5    as though fully set forth herein.

6    49.    Labor Code § 201 provides that any discharged employee is entitled to all wages

7    due at the time of discharge. Labor Code § 202 provides that any employee who quits or resigns is

8    entitled to all wages due within 72 hours of their resignation.

9    50.    Where an employer willfully fails to pay discharged or quitting employees all wages

10   due as required under the Labor Code, the employer is liable to such employees under Labor Code

11   § 203 for waiting time penalties in the amount of one day's compensation at the employees regular

12   rate of pay for each day that the wages are withheld, up to thirty (30) days.

13   51.    By failing to pay all regular, overtime and double-time wages to plaintiff

14   KARADAG and other members of the putative class who left DEFENDANTS' employ,

15   DEFENDANTS have violated the Labor Code, and are therefore liable to plaintiff KARADAG and

16   other former U.S. PARKING employees among the putative class for waiting time penalties as

17   required by Labor Code § 203.  Plaintiff KARADAG and all eligible members of the putative class

18   hereby seek recovery of such penalties.

19   Wherefore, plaintiff prays for judgment as set forth below.

20
**SIXTH CAUSE OF ACTION**
**(Unfair Business Practices, Cal. Bus. & Prof. Code § 17200 et seq.)**
**(On Behalf of Plaintiff and All Class Members)**
21   52.    Plaintiff realleges and incorporates paragraphs 1 through 51 inclusive, as though set

22   forth fully herein.

23   53.    California Business and Professions Code section 17200 et seq. prohibits unfair

24   competition in the form of any unlawful, unfair, deceptive, or fraudulent business practices.

25   54.    Beginning at an exact date unknown to plaintiff and the putative class members, but

26   at least since February 2003, DEFENDANTS committed unlawful acts as defined by California

27

28   ///    - 12 -

MINAMI TAMAKI, LLP
360 Post Street, 8th Floor
San Francisco, CA  94108
Tel. (415) 788-9000
Fax (415) 398-3887

FIRST AMENDED CLASS ACTION COMPLAINT – Case No. C 08-02113-WHA

1  Business and Professions Code section 17200. DEFENDANTS' unlawful and unfair business

2  practices include, but are not necessarily limited to, violation of the requirements of California

3  Labor Code §§ 201, 202, 223, 226, 226.7, 510, 515 and 1194, Industrial Wage Commission

4  Orders, and state laws requiring employers to pay taxes and/or other contributions to employees'

5  state disability, unemployment insurance and other benefit programs.

6       55.    The conduct constituting violation of the California Labor Code, the Wage Orders,

7  and state laws requiring employers to pay taxes and/or other contributions to employees' social

8  security, state disability, unemployment insurance and other benefit programs serve as unlawful

9  predicate acts for purposes of Business and Professions Code section 17200, and remedies are

10  provided under Business and Professions Code section 17203.

11       56.    As a direct and proximate result of the aforementioned acts, plaintiff and the

12  members of the putative class were injured and suffered the loss of money in the amounts of

13  unpaid regular, overtime and double-time wages and benefits they are entitled to receive. Plaintiff

14  and the members of the putative class were also forced to pay incur expenses they would not have

15  had to incur had it not been for defendants' unlawful acts as described in this Complaint.

16       57.    Business and Professions Code section 17203 provides that the Court may restore to

17  any person in interest any money or property which may have been acquired by means of such

18  unfair competition. Plaintiff and the putative class are entitled to restitution pursuant to Business

19  and Professions Code section 17203 and 17208 for all wages unlawfully withheld from them as a

20  result of DEFENDANTS' unlawful and unfair conduct.

21       58.    Success in this action will enforce important rights affecting the public interest.

22  Plaintiff and the putative class seek, and are entitled to, injunctive relief as well as all other

23  appropriate equitable remedies. Injunctive relief is necessary and appropriate to prevent

24  DEFENDANTS from repeating the wrongful business practices alleged herein.

25       59.    Plaintiff herein takes upon himself enforcement of these laws and lawful claims.

26  There is a financial burden incurred in pursuing this action and it would be against the interests of

27  justice to penalize plaintiff by making him pay attorneys fees and costs out of the recovery of their

28  ///

MINAMI TAMAKI, LLP
360 Post Street, 8th Floor
San Francisco, CA 94108
Tel. (415) 788-9000
Fax (415) 398-3887

FIRST AMENDED CLASS ACTION COMPLAINT -- Case No. C 08-02113-WHA

1   unpaid wages. Therefore, plaintiff seeks an award of attorneys fees and costs pursuant to California

2   Code of Civil Procedure § 1021.5.

3       Wherefore, Plaintiff prays for judgment as set forth below.

4   **SEVENTH CLAIM FOR RELIEF**
    **(ERISA Section 502(a)(3), Failure to Maintain Records)**
5   **(On Behalf of Plaintiff and All Class Members)**

6       60.    Plaintiff, on behalf of himself and all putative class members, realleges and

7   incorporates by reference paragraphs 1 through 59 as if they were set forth herein.

8       61.    ERISA § 209(a), 29 U.S.C. § 1059(a), requires that an employer maintain records

9   with respect to each of its employees sufficient to determine the benefits due or which may become

10  due to such employees under a pension plan and, for multi-employer plans, furnish the plan

11

12  administrator with the information necessary to maintain such records.

13      62.    Pursuant to the terms of the Pension Fund and the 401k Plan, employees' rights to

14  benefits depend, in part, on their hours of covered employment and contributions paid by

15  contributing employers to these plans.

16      63.    By its failure to record and/or report all of the hours worked by plaintiff and the

17  putative class, U.S. PARKING has failed to maintain records with respect to each of its employees

18  sufficient to determine the benefits that have accrued or might accrue to plan participants, in

19

20  violation of ERISA § 209(a); 29 U.S.C. § 1059(a).

21      64.    In order to remedy this violation of ERISA by U.S. PARKING, plaintiff and the

22  putative class seek injunctive relief, and such other equitable relief as the Court deems just and

23  proper, as provided by Section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3).

24      65.    Plaintiff and the putative class seek recovery of attorneys' fees and costs of action to

25  be paid by U.S. PARKING, as provided by Section 502(g)(1) of ERISA, 29 U.S.C. § 1132(g)(1).

26

27      Wherefore, Plaintiff prays for judgment as set forth below.

28  ///                                           - 14 -

MINAMI TAMAKI, LLP
360 Post Street, 8th Floor
San Francisco, CA 94108
Tel. (415) 788-9000
Fax (415) 398-3887

FIRST AMENDED CLASS ACTION COMPLAINT -- Case No. C 08-02113-WHA

1

2

3

**EIGHTH CLAIM FOR RELIEF**
(Breach of Fiduciary Duty, ERISA §§ 502(a)(2) and (a)(3),
29 U.S.C. §§ 1132(a)(2) and (a)(3))
(On Behalf of Plaintiff and All Class Members)

4

5

66.    Plaintiff incorporates paragraphs 1 through 65 inclusive, as though fully set forth herein.

6

7

8

9

10

11

67.    ERISA § 404(a)(1), 29 U.S.C. § 1104(a)(1), requires, inter alia, that a plan fiduciary discharge his or her duties with respect to a plan solely in the interest of the participants and beneficiaries and with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent person acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of like character and with like aims.

12

13

14

15

16

17

68.    ERISA § 409, 29 U.S.C. § 1109, provides, inter alia, that any person who is a fiduciary with respect to a plan and who breaches any of the responsibilities, obligations, or duties imposed on fiduciaries by Title I of ERISA shall be personally liable to make good to the plan any losses to the plan resulting from each such breach, and additionally is subject to such other equitable or remedial relief as the court may deem appropriate, including removal of the fiduciary.

18

19

69.    ERISA § 502(a)(2), 29 U.S.C. § 1132(a)(2), permits a plan participant to bring an action for relief under ERISA § 409.

20

21

22

23

24

70.    Plaintiff alleges that U.S. PARKING has misused assets of the Pension Fund and 401k Plan by failing to pay employer contributions that are plan assets to these plans.  Plaintiff further alleges that U.S. PARKING has used these plan assets for its own profit and caused losses to the Pension Fund and 401k Plan in an amount to be proven at trial.

25

Wherefore, Plaintiff prays for judgment as set forth below.

26

///

27

28

///

MINAMI TAMAKI, LLP
360 Post Street, 8th Floor
San Francisco, CA 94108
Tel. (415) 788-9000
Fax (415) 398-3887

- 15 -

## ALLEGATIONS RELATED TO RELIEF

71.    Plaintiff realleges and incorporates paragraphs 1 through 70 inclusive, as though fully set forth herein.

72.    Plaintiff and the class plaintiff KARADAG seeks to represent, have no plain adequate, or complete remedy at law to redress the wrongs alleged herein, and the injunctive relief sought in this action is the only means of securing complete and full relief.  Plaintiff and the putative class are now suffering and will continue to suffer irreparable injury from DEFENDANTS' unfair and unlawful acts and omissions.

73.    DEFENDANTS' actions have caused and continue to cause plaintiff and the putative class they seek to represent substantial losses in earnings and other employment benefits.

## PRAYER FOR RELIEF

Plaintiff KARADAG, on behalf of himself and all other members of the putative class, prays for judgment as follows:

1.    Certification of the action as a class action on behalf of the proposed class;

2.    Designation of Named Plaintiff ESIN KARADAG as representative of the class;

3.    Designation of Named Plaintiff's chosen counsel as class counsel for all class members;

4.    Preliminary, permanent and mandatory injunctive relief prohibiting DEFENDANTS, their officers, agents, and all those acting in concert with them, from committing in the future those violations of law herein alleged;

5.    An order that U.S. PARKING institute and carry out policies and practices that comply with California, local and federal laws, regulations and ordinances regarding working hours, pay, benefits, safety and other working conditions;

6.    Payment of all wages, including overtime pay, double time pay, vacation pay and all benefits unlawfully withheld by defendants from plaintiff and putative class members;

7.    Payment to each plaintiff and class member of an amount equivalent to one hour of

///

MINAMI TAMAKI, LLP
360 Post Street, 8th Floor
San Francisco, CA  94108
Tel. (415) 788-9000
Fax (415) 398-3887

FIRST AMENDED CLASS ACTION COMPLAINT – Case No. C 08-02113-WHA

1   pay at the employee's relevant regular rate of pay, for each day the plaintiff or class member

2   worked during part or all of one or more meal period for the day;

3       8.      Economic, special, general, compensatory, consequential and punitive damages to

4   the extent permitted by law;

5       9.      Restitution to plaintiff and all putative class members of regular, overtime and

6   double-time wages due to them, including all benefits;

7       10.     Disgorgement of defendants' profits from their unlawful activities;

8       11.     Costs incurred herein, including reasonable attorney's fees, under Code of Civil

9   Procedure § 1021.5, Labor Code § 1194, the Wage Orders, ERISA, and to the extent allowable by

10  any other law, regulation or ordinance;

11      12.     All statutory penalties permitted, including but not limited to waiting time penalties

12  under Labor Code § 203;

13      13.     Liquidated damages as permitted under the Labor Code;

14      14.     Declare that U.S. PARKING has breached its fiduciary duties to plaintiff and the

15  putative class;

16      15.     Enjoin U.S. PARKING from further violations of its fiduciary responsibilities;

17      16.     Order U.S. PARKING to fully fund its rightful share of the Pension Fund and/or the

18  401k Plan, and to reimburse the class for any losses resulting from the breach of its fiduciary

19  obligations;

20      17.     Appropriate equitable and injunctive relief to remedy U.S. PARKING's violations

21  of ERISA § 209(a);

22      18.     Award plaintiff reasonable attorneys' fees and costs of suit incurred herein

23  pursuant to ERISA § 502(g), 29 U.S.C. § 1132(g), and/or for the benefit obtained for the common

24  fund;

25      19.     Prejudgment and post-judgment interest, as provided by law, and;

26      20.     Such other and further legal and equitable relief as this Court deems necessary, just

27  and proper.

28  ///                                        - 17 -

MINAMI TAMAKI, LLP
360 Post Street, 8th Floor
San Francisco, CA 94108
Tel. (415) 788-9000
Fax (415) 398-3887

FIRST AMENDED CLASS ACTION COMPLAINT – Case No. C 08-02113-WHA

1    Dated: July 10, 2008                    Respectfully submitted,

2                                            MINAMI TAMAKI LLP

3

4                                            By: _____
                                                 Jack W. Lee
5                                                Attorneys for Plaintiffs

6

7                                            LEWIS, FEINBERG, LEE,
                                             RENAKER & JACKSON P.C.
8
                                             Attorneys for Plaintiffs
9

10

11                            **DEMAND FOR JURY TRIAL**

12          Plaintiffs IBRAHIM E. KURTCU and ESIN KARADAG hereby demand a trial by jury as

13   to all issues for which they have a right to trial.

14

15   Dated: July 10, 2008                    Respectfully submitted,

16                                           MINAMI TAMAKI LLP

17

18                                           By: _____
                                                 Jack W. Lee
19

20

21                                           LEWIS, FEINBERG, LEE,
                                             RENAKER & JACKSON P.C.
22

23                                           Attorneys for Plaintiffs

24

25   ///

26

27

28   ///                                     - 18 -

MINAMI TAMAKI, LLP
360 Post Street, 8th Floor
San Francisco, CA 94108
Tel. (415) 788-9000
Fax (415) 398-3887

FIRST AMENDED CLASS ACTION COMPLAINT – Case No. C 08-02113-WHA