DOUGLAS R. SCHWARTZ (State Bar No. 98666)
PETRA M. REINECKE (State Bar No. 154482)
SCOTT R. LOVERNICK (State Bar No. 233755)
SCHWARTZ & CERA LLP
44 Montgomery Street, Suite 3850
San Francisco, California 94104
Telephone: (415) 956-2600
Facsimile: (415) 438-2655

Attorneys for Defendants
U.S. PARKING, INC. and
CIHAT ESREFOGLU

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IBRAHIM E. KURTCU, on behalf of himself and others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>U.S. PARKING, INC., a corporation; CIHAT ESREFOGLU, an individual; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. C 08-02113-WHA<br><br>**DEFENDANTS' OPPOSITION TO MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT**<br><br>DATE: August 14, 2008<br>TIME: 8:00 a.m.<br>CTRM: 9, 19th Floor |

## INTRODUCTION

Defendants U.S. Parking, Inc. and Cihat Esrefoglu ("Defendants") hereby oppose the motion for leave to amend filed by Plaintiff Ibrahim E. Kurtcu. The addition of a new plaintiff as class representative for the first, second and fifth claims, which were dismissed on the basis that the only named plaintiff has no standing to assert them, is improper. The Court should not condone a "revolving door theory of representation in which all one must have is a potential lawsuit searching for a sponsor." *See Summit Office Park, Inc. v. U.S. Steel Corp.*, 639 F.2d 1278, 1281-1282 (5th Cir. 1981). Plaintiff's counsel brought this action as a class action despite the fact that only one plaintiff had come forward claiming to have an actual dispute against the defendants and a personal stake in the litigation. That single plaintiff, it has now been shown and decided by the Court, in fact lacks standing to assert the first, second and fifth claims stated in the

Complaint, and may not serve as class representative for those claims. Since no class has been certified, the first, second and fifth causes of action should be dismissed with prejudice and without leave to amend in accordance with the Court's Order Granting in Part and Denying in Part Defendants' Motion to Dismiss and Granting in Part and Denying in Part Defendants' Request for Judicial Notice, dated June 16, 2008 ("Order"). No substitution of a new plaintiff should be permitted in this case.

Defendants further oppose the additional requested amendments to the Complaint as contrary to the prior order of the Court permitting the filing of a motion for leave to amend only to designate a new class representative. In addition, defendants would be prejudiced by the dismissal of the Fair Labor Standards Act claim and by the addition of new claims based on the Employee Retirement Income Security Act.

### SUBSTITUTION OF A NEW PLAINTIFF IS IMPROPER

Defendants oppose the requested addition of a new plaintiff and purported class representative. Where, as here, the only named plaintiff's claims have been dismissed at the pre-certification stage of a purported class action, the class action cannot be pursued as to those claims. In cases in which the inadequacy of the named representative's claim has become apparent prior to class certification, the class action cannot be pursued. *O'Shea v. Littleton*, 414 U.S. 488, 494-495; *Bailey v. Patterson*, 369 U.S. 31, 32-33 (1962). If the putative class representative's individual claim becomes moot before he moves for class certification, then any subsequent motion for certification must be denied and the entire action dismissed. *See Lusardi v. Xerox Corporation*, 975 F.2d 964, 978 (3d Cir. 1992); *Holmes v. Pension Plan of Bethlehem Steel Corp.*, 213 F.3d 124, 135-136 (3rd Cir. 2000).

With respect to the three dismissed claims, a Rule 15 motion is inappropriate because plaintiff lacks standing to assert those claims. *See Summit Office Park, Inc. v. U.S. Steel Corp.*, 639 F.2d at 1281 ("A pleading which abandons the original plaintiff and class and asserts new claims upon which the original plaintiff and class could not recover, has the characteristics of a new lawsuit rather than an amended complaint"). While substitution is generally permissible in a

1  class action, substitution denotes that there is more than one named plaintiff in the original
2  complaint. Those other named plaintiffs may substitute as lead plaintiffs in a putative class
3  action. In this case, however, Ibrahim Kurtcu was the only named Plaintiff. Thus, substitution is
4  not proper. Allowing the substitution of a new individual would be akin to condoning a
5  "revolving door," and would support a "potential lawsuit searching for a sponsor." *Id.* Plaintiff's
6  counsel initiated the litigation with only a single plaintiff who purported to have standing to
7  assert the six claims pled in the Complaint. He in fact lacked standing as to three of the claims.
8  On this basis, the Court has now ordered the first, second and fifth claims dismissed without
9  leave to amend. Since the Court's Order, plaintiff and his counsel have actively sought out new
10 plaintiffs. Plaintiff has disrupted defendant US Parking's business operations by actively
11 attempting to solicit new plaintiffs during the work day and on U.S. Parking's business lots, with
12 promises of six-figure windfalls if they agree to join the action. The Court should not condone
13 this practice.
14     When the personal stake of the named plaintiff terminates, the class action must fail. As
15 Justice White explained in *Sosna v. Iowa,* 419 U.S. 393 (1975):

> There must be a named plaintiff initiating the action who has an existing controversy with the defendant, whether the plaintiff is suing on his own behalf or on behalf of a class as well. However unquestioned it may be that a class of persons in the community has a "real" dispute of substance with the defendant, an attorney may not initiate a class action without having a client with a personal stake in the controversy who is a member of the class, and who is willing to be the named plaintiff in the case.

20 419 U.S. at 411-412 (White, J., dissenting). The *Sosna* case was specifically cited by this Court
21 in its Order, for the finding that "[b]ecause the class has yet to be certified, the class action cannot
22 be pursued as to these [first, second and fifth] claims." Order at 7:12-13.
23     As a consequence, leave to amend as to the first, second and fifth claims must be denied,
24 and those claims dismissed with prejudice.

### ALL OTHER AMENDMENTS ARE CONTRARY TO THE COURT'S ORDER

27     Contrary to the Court's Order, that plaintiff "file a motion seeking leave to file an
28 amended complaint properly designating a new class representative" (Order at 7:26-27), plaintiff

now also seeks leave to add two new causes of action and to dismiss without prejudice the "claim" under the Fair Labor Standards Act ("FLSA"). Plaintiff's request is beyond the scope of what the Order indicated the Court would consider. Specifically, as noted in the Order, "[e]xcept as stated in this paragraph, leave to amend is denied." In accordance with the Court's prior Order, the motion for leave to amend should not be considered except as to substitution of a new class representative. As to the requested designation of a class representative, the motion should also be denied, in accordance with the argument stated above.

### PLAINTIFF SHOULD NOT BE PERMITTED TO ADD NEW CLAIMS

There are additional reasons why plaintiff should not be permitted to add new claims under the Employee Retirement Income Security Act ("ERISA"). First, plaintiff lacks standing to assert such claims, since he has already been compensated in the arbitration for all benefits owed him (as noted by the dismissal of his second claim, which alleged non-payment of benefits, including pension and 401k benefits). Plaintiff therefore cannot properly amend to again assert such claims.

Moreover, even if the Court permits the addition of a new plaintiff with standing to assert such claims, the new claims should not be added to this action. Although plaintiff states that he seeks merely to explicitly state claims which were already referenced in the original complaint, the claims sought to be added are entirely new. They could and should have been brought, if at all, in the original complaint, and plaintiff should not be permitted to unnecessarily complicate this action by adding claims based on ERISA.

### THE FLSA CLAIM SHOULD NOT BE DISMISSED

Finally, plaintiff requests leave "to dismiss without prejudice the claim under the Fair Labor Standards Act (FLSA) for overtime pay." Motion at 7:2-3. In fact, plaintiff does not seek to dismiss any claim in its entirety, but simply to delete reference to the FLSA from the Complaint. The references to the FLSA, and the claims for overtime pay, are contained in the first and second claims. The Court has found that plaintiff does not have standing to assert the

1   first and second claims, and has dismissed those claims without leave to amend. As a
2   consequence, plaintiff lacks standing to seek the requested amendments and the Court has already
3   denied leave to amend.
4       Further, even if the Court were to permit the addition of a new plaintiff as class
5   representative, and to allow the first and second claims to survive, amendment to delete reference
6   to the FLSA claim should be denied. Although plaintiff asserts that the "FLSA overtime claim is
7   duplicative of the claim for overtime pay under California law" (Motion at 7:3-4) and that
8   deleting references to the FLSA "would simplify and streamline the case" (Motion at 7:8-9), this
9   purpose would not in fact be achieved, since such deletion of only a portion of the claims would
10  not in fact simplify this case. Further, plaintiff's stated purpose of simplifying and streamlining
11  the case is belied by the request to add ERISA claims.
12      On the other hand, the deletion would prejudice defendants, who removed this action to
13  this Court on the basis of federal question jurisdiction based on the FLSA claim. Dismissal of
14  that claim appears to be a ploy on the part of plaintiff's counsel to remand this action to state
15  court. Factors weighed in determining whether leave should be granted include undue delay, bad
16  faith, futility, and prejudice to the opposing party. *Griggs v. Pace Am. Group, Inc.*, 170 F.3d 877,
17  880 (9th Cir. 1999). The request is made in bad faith, or without legitimate purpose, and should
18  be denied. The improper tactics of plaintiff and his attorneys should stop.

## CONCLUSION

20  For all of the foregoing reasons, defendants respectfully request that plaintiff's motion be
21  denied in its entirety, and that this action be restricted to the named plaintiff's assertion of his
22  three remaining claims.

23  DATED: July 17, 2008                    Respectfully submitted,

24                                          SCHWARTZ & CERA LLP

25
                                            /s/
26                                          DOUGLAS R. SCHWARTZ
                                            PETRA M. REINECKE
27                                          SCOTT R. LOVERNICK
                                            Attorneys for Defendants
28                                          U.S. PARKING, INC. and
                                            CIHAT ESREFOGLU

1  DOUGLAS R. SCHWARTZ (State Bar No. 98666)
   PETRA M. REINECKE (State Bar No. 154482)
2  SCOTT R. LOVERNICK (State Bar No. 233755)
   SCHWARTZ & CERA LLP
3  44 Montgomery Street, Suite 3850
   San Francisco, California 94104
4  Telephone: (415) 956-2600
   Facsimile:  (415) 438-2655
5
   Attorneys for Defendants
6  U.S. PARKING, INC. and
   CIHAT ESREFOGLU
7

8              UNITED STATES DISTRICT COURT

9              NORTHERN DISTRICT OF CALIFORNIA

10
   IBRAHIM E. KURTCU, on behalf of        )  Case No. C 08-02113-WHA
11 himself and others similarly situated, )
                                          )  **PROOF OF SERVICE**
12                Plaintiff,              )
                                          )  DATE: August 14, 2008
13         vs.                            )  TIME: 8:00 a.m.
                                          )  CTRM: 9, 19th Floor
14 U.S. PARKING, INC., a corporation;     )
   CIHAT ESREFOGLU, an individual; and    )
15 DOES 1 through 10, inclusive,          )
                                          )
16                Defendants.             )

17

18    I am a citizen of the United States and I am employed in the County of San Francisco,

19 State of California. I am over eighteen (18) years of age and not a party to the above-entitled

20 action. My business address is 44 Montgomery Street, Suite 3850, San Francisco, CA 94104.

21 On the date below, I served the following document:

22      **DEFENDANTS' OPPOSITION TO MOTION FOR LEAVE
23          TO FILE AN AMENDED COMPLAINT**

24 on the below-named parties and/or counsel of record by the manner indicated:

25    Jack W. Lee, Esq.                *Attorneys for Plaintiffs*
      John Ota, Esq.                   *Ibrahim E. Kurtcu, on behalf of*
26    Lisa Charbonneau, Esq.           *himself and others similarly situated*
      Minami Tamaki LLP
27    360 Post Street, 8th Floor
28    San Francisco, CA 94108

|   |   |
|---|---|
| 1 | Tel: 415/788-9000 |
| 2 | Fax: 415/398-3887 |
|   | jlee@minamitamaki.com |
| 3 | jota@minamitamaki.com |
|   | lcharbonneau@minamitamaki.com |
| 4 | egoldwasser@minamitamaki.com |
| 5 | pdomin@minamitamaki.com |
|   | stamura-sato@minamitamaki.com |
| 6 | cfung@minamitamaki.com |
|   | cparker@minamitamaki.com |
| 7 | gsumagaysay@minamitamaki.com |
| 8 | pdomin@minamitamaki.com |

**XXX** *Electronic Mail, I caused a true copy of the said document to be delivered electronically to the above e-mail addresses via the United States District Court–Northern District of California's Electronic Case Filing (ECF) System.*

on the below-named parties and/or counsel of record by the manner indicated:

| Daniel Feinberg, Esq. | *Attorneys for Plaintiffs* |
|---|---|
| Lewis Feinberg, Lee, | *Ibrahim E. Kurtcu, on behalf of* |
| Renaker & Jackson P.C. | *himself and others similarly situated* |
| 1330 Broadway, Suite 1800 | |
| Oakland, CA 94612 | |
| Tel: 510/839-6824 | |
| Fax: 510/839-7839 | |

**XXX** *U.S. Mail, I caused a true copy of the said document to be placed in a sealed envelope with First Class postage prepaid, and deposited for collection at San Francisco, California pursuant to ordinary business practices. I am readily familiar with this firm's practice for collection and processing of documents for mailing with the U.S. Postal Service.*

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and this declaration was executed on July 17, 2008, at San Francisco, California.

/s/
Du'Ana K. McGee