JACK W. LEE, SBN 71626
JOHN OTA, SBN 195532
LISA CHARBONNEAU, SBN 245906
MINAMI TAMAKI LLP
360 Post Street, 8th Floor
San Francisco, CA 94108
Tel. (415) 788-9000
Fax (415) 398-3887
jota@minamitamaki.com

DANIEL FEINBERG, SBN 135983
LEWIS, FEINBERG, LEE,
RENAKER & JACKSON P.C.
1330 Broadway, Suite 1800
Oakland, CA 94612
Tel. (510) 839-6824
Fax (510) 839-7839
dfeinberg@lewisfeinberg.com

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

(San Francisco Division)

| | |
|---|---|
| IBRAHIM E. KURTCU, on behalf of himself and others similarly situated,<br><br>                    Plaintiff,<br><br>        vs.<br><br>U.S. PARKING, INC., a corporation; CIHAT ESREFOGLU, an individual; and DOES 1 through 10, inclusive,<br><br>                    Defendants. | CIVIL ACTION NO.  C 08-02113-WHA<br><br>**PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT**<br><br>Date: August 14, 2008<br>Time: 8:00 a.m.<br>Courtroom: 9, 19th Floor<br><br>Judge:  The Honorable William H. Alsup |

///

MINAMI TAMAKI, LLP
360 Post Street, 8th Floor
San Francisco, CA  94108
Tel. (415) 788-9000
Fax (415) 398-3887

PLAINTIFF'S REPLY IN SUPP. OF MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT

## INTRODUCTION

Pursuant to the Court's June 16, 2008 Order Granting in Part and Denying in Part Defendants' Motion to Dismiss, plaintiff IBRAHIM E. KURTCU submits this reply in support of his Motion for Leave to File an Amended Complaint in the above-captioned matter. For the reasons set forth in his prior-submitted motion and this reply, plaintiff seeks leave to amend his complaint to: (1) substitute a new class representative; (2) add explicit claims under the Employee Retirement Income Security Act; and (3) dismiss without prejudice the existing claim for overtime pay under the Fair Labor Standards Act. Because defendants have not established undue prejudice, bad faith, or dilatory motive, plaintiff should be allowed to file his first amended complaint.

## ARGUMENT

**I. BECAUSE DEFENDANTS HAVE FAILED TO MEET THEIR BURDEN OF SHOWING UNDUE PREJUDICE, BAD FAITH, OR DILATORY MOTIVE, PLAINTIFF SHOULD BE ALLOWED TO FILE HIS FIRST AMENDED COMPLAINT.**

Leave to amend should be freely given unless the opposing party makes a showing of undue prejudice, bad faith, or dilatory motive on the part of the moving party. *Martinez v. Newport Beach*, 125 F.3d 777, 785 (9th Cir. 1997). Defendants have not made that showing. As amended, plaintiff's complaint is not made in bad faith, is not dilatory, and will not prejudice defendants.

**A. SUBSTITUTION OF A NEW CLASS REPRESENTATIVE IS PROPER.**

As is clear from the Court's June 16, 2008 Order ("Order"), plaintiff was given until July 10, 2008 to add a new named plaintiff who would serve as a class representative for all six causes of action listed in the original class complaint. Order, 7:23-27. Plaintiff has done just that with new proposed class representative, Esin Karadag. Whereas the Court found that plaintiff Kurtcu may not serve as class representative for all six causes of action, proposed plaintiff Karadag possesses the requisite typicality for a class representative in this case. *See* First Amended Complaint, ¶¶ 9 – 25.

///

MINAMI TAMAKI, LLP
360 Post Street, 8th Floor
San Francisco, CA 94108
Tel. (415) 788-9000
Fax (415) 398-3887

Defendants' reliance on *Summit Office Park, Inc. v. U.S. Steel Corp.*, 639 F. 2d 1278 (5th Cir. 1981), to suggest otherwise is misplaced. In *Summit*, a class of indirect purchasers of steel materials brought suit against numerous steel producers for Federal antitrust violations. *Id.* at 1280. After an intervening Supreme Court decision held that indirect purchasers such as the *Summit* class had no cause of action under Federal law, plaintiffs moved to replace the original indirect purchaser plaintiffs with new direct purchaser plaintiffs. *Id.* at 1280-81. The Fifth Circuit found this substitution improper because the new direct purchaser plaintiffs held no identity of interest with, and were not members of, the original putative class of indirect purchasers. *Id.* at 1284. As the Court wrote, "A pleading which abandons the original plaintiff and class and asserts new claims upon which the original plaintiff and class could not recover, has the characteristics of a new lawsuit rather than an amended complaint." *Id.*

*Summit* is readily distinguished from the instant case. Unlike *Summit*'s new proposed plaintiffs, the direct purchasers, proposed plaintiff Karadag is and has always been a member of the putative class in this action. And unlike *Summit*'s original plaintiffs, the indirect purchasers, plaintiff Kurtcu has an identity of interest with the proposed new plaintiff and stands to recover should the class prevail under the first amended complaint. Because plaintiff's proposed first amended complaint has not abandoned its original plaintiff and has only included claims upon which the original plaintiff and class can recover, *Summit* is simply inapposite to the instant case and substitution of Karadag is proper.

The other cases cited by Defendant to support its argument that substitution is improper are equally inapplicable to the instant case. Defendant cites *O'Shea v. Littleton*, 414 U.S. 488 (1974), for the proposition that an inadequate named representative must cause dismissal of a class action. Opposition, 2:17-19. However, the *O'Shea* plaintiffs were "inadequate" because "*none* of the named plaintiffs [were] identified as himself having suffered *any* injury in the manner specified."

///

MINAMI TAMAKI, LLP
360 Post Street, 8th Floor
San Francisco, CA 94108
Tel. (415) 788-9000
Fax (415) 398-3887

*O'Shea, supra,* at 495 (emphases added). Having failed to allege an actual case or controversy, the *O'Shea* class action was dismissed.[1] *Id.* at 492. The *O'Shea* case stands in stark contrast to the instant case in which both plaintiff Kurtcu and proposed plaintiff Karadag have suffered injuries such that an actual case or controversy exists. The Court's Order clearly states, "plaintiff Kurtcu has standing for the third, fourth, and sixth claims." Order, 7:14. Moreover, the proposed first amended complaint states the reasons why proposed plaintiff Karadag has suffered injuries that present an actual case or controversy. For these reasons, *O'Shea* does not suggest that substitution of new class representative in the instant case is improper.

Likewise, Defendants' reliance on *Lusardi v. Xerox Corp.*, 945 F.2d 964 (3d Cir. 1992), is equally unavailing. Defendants cite the Third Circuit decision *Lusardi v. Xerox Corp.*, for the proposition that when a class representative's individual claim becomes moot before he moves for class certification, subsequent motions for certification must be denied and the action dismissed. Opposition, 2:19-23. In *Lusardi*, *all* the claims of *all* the named plaintiffs were settled between the date the complaint was filed and the date of the application for class certification, and thus the class certification motion was rendered moot because no named plaintiff had an actual stake in the case. *Lusardi, supra,* at 978. Unlike *Lusardi*, plaintiff in the instant case has not yet moved for class certification. Furthermore, only some, not all, of plaintiff Kurtcu's claims have been settled, and none of plaintiff Karadag's individual claims have been resolved. *Supra.* Thus one cannot characterize either plaintiff Kurtcu or proposed plaintiff Karadag's individual claims as moot.[2]

---

[1] Defendant also cites another civil rights class action, *Baily v. Patterson*, 369 U.S. 31 (1962), for this proposition. Like *O'Shea, supra, Bailey* is another Article III "actual case and controversy" issue in which the Supreme Court determined that the named plaintiffs did not have standing to stop criminal prosecutions under certain state statutes because they neither had been, nor were threatened with prosecution under those statutes. *Bailey, supra,* at 32. Thus the Court held "[t]hey cannot represent a class of whom they are not a part." *Id.*, 32-33. Both plaintiff Kurtcu and proposed plaintiff Karadag are members of the putative class in the instant case and Defendant's reliance on *Bailey* is again misplaced.

[2] *Holmes v. Bethlehem Steel Corp.*, also cited by Defendant, is another case in which both named plaintiffs had fully settled all their claims against defendant prior to class certification. 213 F. 3d 124, 137 (3d Cir. 2000). The instant
///

MINAMI TAMAKI, LLP
360 Post Street, 8th Floor
San Francisco, CA 94108
Tel. (415) 788-9000
Fax (415) 398-3887

## B. PLAINTIFF'S REQUEST TO DISMISS THE FLSA CLAIM IS NOT A PLOY TO REMAND THE CASE TO STATE COURT.

Defendants' conspiratorial argument that dismissal of plaintiff's Fair Labor Standards Act ("FLSA") claim would prejudice defendants because the case would be more likely to be remanded to state court is speculative and nonsensical.

First of all, plaintiff's proposed first amended complaint alleges two claims under the Employee Retirement Income Security Act ("ERISA"), both of which are under the exclusive jurisdiction of the Federal Courts. ERISA § 502(e)(1); 29 U.S.C. § 1132(e)(1) (except for benefit claims, "the district courts of the United States shall have exclusive jurisdiction of civil actions under this title . . . .") Thus not only would the Court necessarily maintain subject matter jurisdiction over the case without the inclusion of FLSA claims, but the Court could not remand the entire matter to state court even if it so desired. Second of all, if Plaintiffs moved to remand the severable state claims to state court, the Court need not grant the motion as it is within the "wide discretion" of the Court to remand or retain those state claims. *Robertson v. Neuromedical Center* 161 F.3d 292, 296 (5th Cir. 1988).

Since the addition of ERISA claims render the case no longer subject to remand in its entirety, in all likelihood, granting Plaintiff leave to file his first amended complaint would *decrease* the possibility that the case would be remanded to state court. For these reasons, defendants' argument that the dismissal of plaintiff's FLSA claims would result in prejudice fails, and the Court should allow the dismissal.

///

///

///

case is distinguishable because not all of plaintiff Kurtcu or proposed plaintiff Karadag's claims have been settled. Nor is this case at the class certification stage.

///

- 5 -

MINAMI TAMAKI, LLP
360 Post Street, 8th Floor
San Francisco, CA 94108
Tel. (415) 788-9000
Fax (415) 398-3887

### C. THE COURT SHOULD STRIKE THOSE PORTIONS OF DEFENDANT'S OPPOSITION THAT LACK FOUNDATION AND HAVE NO EVIDENTIARY BASIS.

Defendants claim that "plaintiff and his counsel have actively sought out new plaintiffs" and that plaintiff has been "actively attempting to solicit new plaintiffs . . . with promises of six-figure windfalls." Opposition, 3:9-12. Because defendants have failed to provide any evidentiary basis for these accusations, they should be stricken from the record pursuant to Federal Rule of Civil Procedure 12(f)(1). *See also* Civ. L.R. 7-5(a) (N. Dist. 2008) ("[f]actual contentions made in support of or in opposition to any motion must be supported by an affidavit or declaration...")

### II. PLAINTIFF KURTCU AND PROPOSED PLAINTIFF KARADAG HAVE STANDING TO ASSERT CAUSES OF ACTION UNDER ERISA.

Contrary to defendants' assertions, both plaintiff Kurtcu and proposed plaintiff Karadag have standing to assert causes of action under ERISA for U.S. Parking's failure to (1) make contributions to their Pension Plan and 401k Plan, and (2) maintain records sufficient to determine benefits due or which may become due under the terms of the Pension Fund and 401k Plan.

As for proposed plaintiff Karadag, defendants have presented no evidence to suggest that Karadag's ERISA claims have already been resolved or addressed in any forum. In fact, the Court's Order concluded that the claims of the putative class, of which Karadag is a member, were never addressed by the arbitration. Order, 7:6-7. Thus, Karadag has standing to go forward with his ERISA claims.

As for defendants' conclusory statement that Kurtcu has already been compensated in the arbitration for all benefits owed him, defendants are wrong. In the Order, the Court found that the issue presented in the arbitration was too general to determine exactly what claims were arbitrated and thus that issue "remains an issue for the trier of fact." Order, 6:19-22. The Order also found that the arbitration award included pay for overtime wages, out-of-pocket medical expenses, and

///

- 6 -
PLAINTIFF'S REPLY IN SUPP. OF MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT

MINAMI TAMAKI, LLP
360 Post Street, 8th Floor
San Francisco, CA 94108
Tel. (415) 788-9000
Fax (415) 398-3887

vacation, sick leave, and holidays. Order, 6:5-7. However, the arbitration decision did not include a specific monetary award for contributions owed to Kurtcu's Pension Plan and 401k Plan. *See* Defendant's Motion to Dismiss, Declaration of Orhan Kaplankiran, Exhibit D, "Arbitration Decision and Award," p. 5. Thus, plaintiff Kurtcu has standing to bring such claims.

Since defendants' objections are baseless and there is no evidence of undue prejudice, the Court should grant plaintiff's motion for leave to file his first amended complaint. Where, as in the instant case, there is lack of prejudice to the opposing party, and the amended complaint is not frivolous or made as a dilatory maneuver in bad faith, it would be an abuse of discretion to deny such a motion. *Hurn v. Retirement Fund Trust of Plumbing, Heating & Piping Ind. of So. Calif.*, 648 F.2d 1252, 1254 (9th Cir. 1981).

## CONCLUSION

Based on the foregoing, plaintiff IBRAHIM KURTCU again respectfully requests that the Court grant his Motion for Leave to File an Amended Complaint to modify the causes of action and to substitute a new class representative.

Dated: July 24, 2008

Respectfully Submitted,

MINAMI TAMAKI LLP

By: _____
Lisa Charbonneau

LEWIS, FEINBERG, LEE,
RENAKER & JACKSON P.C.

Attorneys for Plaintiffs

MINAMI TAMAKI, LLP
360 Post Street, 8th Floor
San Francisco, CA 94108
Tel. (415) 788-9000
Fax (415) 398-3887

- 7 -

PLAINTIFF'S REPLY IN SUPP. OF MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT