DOUGLAS R. SCHWARTZ (State Bar No. 98666)
PETRA M. REINECKE (State Bar No. 154482)
SCOTT R. LOVERNICK (State Bar No. 233755)
SCHWARTZ & CERA LLP
44 Montgomery Street, Suite 3850
San Francisco, California 94104
Telephone: (415) 956-2600
Facsimile: (415) 438-2655

Attorneys for Defendants
U.S. PARKING, INC. & CIHAT ESREFOGLU

JACK W. LEE (State Bar No. 71626)
JOHN OTA (State Bar No. 195532)
LISA CHARBONNEAU (State Bar No. 245906)
MINAMI TAMAKI LLP
360 Post Street, 8th Floor
San Francisco, CA 94108
Tel. (415) 788-9000
Fax (415) 398-3887

DANIEL FEINBERG (State Bar No. 135983)
LEWIS, FEINBERG, LEE,
RENAKER & JACKSON P.C.
1330 Broadway, Suite 1800
Oakland, CA 94612
Tel. (510) 839-6824
Fax (510) 839-7839

Attorneys for Plaintiff
IBRAHIM E. KURTCU

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IBRAHIM E. KURTCU, on behalf of himself and others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>U.S. PARKING, INC., a corporation; CIHAT ESREFOGLU, an individual; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. C 08-02113-WHA<br><br>**JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER**<br><br>DATE: August 7, 2008<br>TIME: 11:00 a.m.<br>CTRM: 9, 19th Floor |

Defendants U.S. PARKING, INC. and CIHAT ESREFOGLU (hereinafter "Defendants") and

Plaintiff IBRAHIM E. KURTCU, individually and as a putative class representative, (hereinafter "Plaintiff"), jointly submit this Case Management Statement and Proposed Order and request the Court to adopt it as its Case Management Order in this case.

## DESCRIPTION OF THE CASE

1. <u>Jurisdiction and Service - A Brief Description of the Events Underlying the Action</u>:

On March 12, 2008, plaintiff filed a Class Action Complaint in the Superior Court of the State of California, County of San Francisco, Case No. CGC08-473240. The Complaint contained six causes of action, for (1) failure to pay overtime and premium pay under the Fair Labor Standards Act and California law; (2) failure to timely pay all wages due under California law; (3) failure to provide meal and rest periods under California law; (4) failure to provide itemized wage statements under California law; (5) failure to pay all wages to separated employees under California law; and (6) unfair competition under California law.

Defendant U.S. Parking, Inc. ("U.S. Parking") is a California corporation which operates a number of parking lots in San Francisco and one lot in Oakland. Defendant Cihat Esrefoglu, is an individual residing in the City and County of San Francisco, CA. All parties named in the Complaint have been served.

On April 23, 2008, defendants removed the case to this Court. This Court has subject matter jurisdiction over this civil action pursuant to 28 U.S.C. section 1331, which provides for original jurisdiction in the federal courts of all civil actions arising under the Constitution, laws, or treaties of the United States, and 28 U.S.C. section 1337(a) as an action arising under any act of Congress regulating commerce. This case is brought under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. sections 207 *et seq*. As such, this action is one that may be removed to this Court by defendants pursuant to 28 U.S.C. section 1441(b) without regard to the citizenship or residence of the parties. This Court also has supplemental jurisdiction over plaintiff's state law claims pursuant to 28 U.S.C. section 1367.

Venue is proper in the United States District Court for the Northern District of California pursuant to 28 U.S.C. section 1391, because defendants are residents of San Francisco, California,

and because a substantial part of the alleged events giving rise to plaintiff's alleged claims occurred in this district.

Pursuant to Civil Local Rule 3-2(c) and (d), this action is properly assigned to the San Francisco Division because a substantial part of the alleged events giving rise to the alleged claims occurred in San Francisco, California.

2. <u>The Principal Factual Issues Which the Parties Dispute:</u> Plaintiff and the putative class are and were parking lot attendants employed by U.S. Parking. The principal factual issues in dispute are: (1) whether the class is owed compensation for a higher rate of pay, unpaid overtime, unpaid premium pay, and unpaid benefit contributions; (2) whether defendant failed to timely pay the class all wages due; (3) whether defendant failed to provide meal and rest breaks to the class; and (4) whether defendant failed to provide the class with itemized wage statements as required by law. Additional factual issues in dispute as set forth in plaintiff's proposed amended complaint which seeks to add two new causes of action, including: (1) whether defendant failed to contribute to the class' pension plan and 401k plan, and (2) whether defendant failed to maintain records as required by law. Defendants dispute these claims.

3. <u>The Principal Legal Issues Which the Parties Dispute:</u> The principal legal issues in dispute are: (1) whether defendants are obligated to pay plaintiff Kurtcu and the putative class additional compensation and/or other damages; (2) whether all of plaintiff Kurtcu's claims were asserted in an earlier binding arbitration proceeding and may be barred; (3) whether this matter may be maintained as a class action (whether the putative class should properly be certified as a class); (4) whether plaintiff may substitute a new class representative; and (5) whether plaintiff may assert additional causes of action.

4. <u>Prior and Pending Motions :</u> On April 28, 2008, defendants filed a motion to dismiss for failure to state a claim pursuant to FRCP 12(b)(6) or, in the alternative, for summary judgment. Following oral argument, on June 16, 2008, this Court issued an Order granting in part and denying

in part, defendants' motion to dismiss. The Court dismissed three of the six causes of action with regard to plaintiff and gave him until noon on July 10, 2008, to file a motion for leave to amend the complaint to properly designate a new class representative. Pursuant to the Order, on July 10, 2008, Plaintiff filed a motion for leave to file an amended complaint and submitted a proposed first amended class action complaint. Plaintiff's motion seeks to substitute a new class representative, Esin Karadag, add two federal causes of action, and have his FLSA claim dismissed without prejudice. Defendants have opposed plaintiff's motion and plaintiff has submitted his reply. Oral argument is scheduled for August 14, 2008.

5. <u>Amendment of Pleadings</u>: As stated above, Plaintiff moved for leave to file an amended complaint on July 10, 2008 and oral argument is scheduled for August 14, 2008. The proposed amended complaint substitutes a new class representative, adds two causes of action under the Employee Retirement Income Security Act ("ERISA"), and requests the Court dismiss the plaintiff's FLSA claim without prejudice.

6. <u>Evidence Preservation</u>: Prior to this litigation, plaintiff requested and obtained documents pertinent to his wage and hour claims. Although no formal discovery requests have been made, defendants have preserved all pertinent evidence in their possession.

7. <u>Disclosures</u>:

<u>Plaintiff's Statement</u>

Plaintiff intends to serve his initial disclosures on July 31, 2008.

<u>Defendants' Statement</u>

In light of plaintiff's pending motion for leave to file and amended complaint, which would completely alter the scope of this litigation, defendants believe an initial disclosure is premature at this time. Defendants do intend to make such disclosure in a timely manner. The parties have met and conferred on this issue.

8.  Discovery Plan:

Plaintiff's Proposal:

Plaintiff expects to initially propound discovery relevant to class certification. Once this phase of discovery is complete, plaintiff will propound discovery about the merits of the case.

Defendants' Proposal:

Discovery shall proceed in two phases. In the first phase, discovery shall be limited to issues concerning class certification. All class certification discovery shall be commenced in time to be completed by the deadline for filing a class certification motion. In the second phase, the parties may take discovery concerning the merits of plaintiff's claims. All merits discovery shall be commenced in time to be completed within 180 days of entry of the Court's Order regarding Plaintiff's motion for class certification.

The parties acknowledge that discovery concerning class certification issues may overlap with discovery concerning merits issues.

9.  Class Actions: Plaintiff expects to conduct discovery on issues relevant to class certification and move for class certification within six months of entry of the scheduling order.

10. Related Cases: Other than the arbitration proceeding held on March 19, 2008, before Ruth Carpenter, an arbitrator with the Federal Mediation and Conciliation Service, the parties are unaware of any related cases or proceedings.

11. Relief sought: Plaintiff seeks relief in the form of compensation for all wages and benefits unlawfully withheld from the class by defendants; all penalties and damages owed to the class to the extent permitted by law; reasonable attorneys fees and costs; prejudgment and post-judgment interest, as provided by law, and such other and further legal and equitable relief as this Court deems necessary, just, and proper. Defendants deny plaintiff is entitled to any relief.

1  12. Settlement and ADR: Once the issues of plaintiff's motion to amend and class certification
2  are resolved, the parties are amenable to mediation and settlement discussions.

4  13. Consent to Assignment of this Case to a United States Magistrate Judge For All
5  Purposes: The parties do not consent to assignment of this case to a magistrate judge for all purposes.

7  14. Other References: The parties do not believe the case is suitable for reference to binding
8  arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

10  15. Narrowing of Issues: The parties believe that given the lengthy discovery that needs to
11  be conducted, narrowing of issues is premature at this time.

13  16. Expedited Schedule: This case is a class action, is inherently complex and is not
14  suitable to be handled on an expedited basis with streamlined process.

16  17. Scheduling: The parties believe that it is premature to set schedules for designation of
17  experts, discovery cutoff, hearing of dispositive motions, pretrial schedules and trial at this time given
18  the lengthy discovery that needs to be conducted prior to class certification and notification process.
19  When and if the class is certified, the parties will better equipped to propose scheduling dates.

21  18. Trial: Plaintiff requests a jury trial. As for trial length, until plaintiff's class certification
22  motion is decided it will be difficult for the parties to estimate length of trial.
23  ///
24  ///
25  ///
26  ///
27  ///
28  ///

19. <u>Disclosure of Non-party Interested Entities or Persons</u>: Defendants have complied with Civil Local Rule 3-16 by filing this Notice on April 23, 2008. Defendants seek to supplement this notice and herein disclose Great American Insurance Companies as an interested non-party. The parties are presently unaware of any additional non-parties who have any interest in this matter.

DATED: July 31, 2008

Respectfully submitted,

SCHWARTZ & CERA LLP

/s/
DOUGLAS R. SCHWARTZ
PETRA M. REINECKE
SCOTT R. LOVERNICK
Attorneys for Defendants
U.S. PARKING, INC. and
CIHAT ESREFOGLU

DATED: July 31, 2008

Respectfully submitted,
MINAMI TAMAKI LLP

/s/
JACK W. LEE
JOHN OTA
LISA CHARBONNEAU
Attorneys for Plaintiffs
IBRAHIM E. KURTCU, on behalf of himself and others similarly situated

DATED: July 31, 2008

Respectfully submitted,
LEWIS, FEINBERG, LEE,
RENAKER & JACKSON P.C.

/s/
DANIEL FEINBERG
Attorneys for Plaintiffs
IBRAHIM E. KURTCU, on behalf of himself and others similarly situated

## [PROPOSED] ORDER

The Case Management and Proposed Order is hereby adopted by the Court as the Case Management Order for the case and the parties are ordered to comply with this Order.

Dated: _____, 2008

By: _____
William H. Alsup
United States District Judge

DOUGLAS R. SCHWARTZ (State Bar No. 98666)
PETRA M. REINECKE (State Bar No. 154482)
SCOTT R. LOVERNICK (State Bar No. 233755)
SCHWARTZ & CERA LLP
44 Montgomery Street, Suite 3850
San Francisco, California 94104
Telephone: (415) 956-2600
Facsimile:  (415) 438-2655

Attorneys for Defendants
U.S. PARKING, INC. and
CIHAT ESREFOGLU

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IBRAHIM E. KURTCU, on behalf of himself and others similarly situated,<br><br>    Plaintiff,<br><br>vs.<br><br>U.S. PARKING, INC., a corporation; CIHAT ESREFOGLU, an individual; and DOES 1 through 10, inclusive,<br><br>    Defendants. | Case No. C 08-02113-WHA<br><br>**PROOF OF SERVICE**<br><br>DATE: August 7, 2008<br>TIME:  11:00 a.m.<br>CTRM: 9, 19th Floor |

    I am a citizen of the United States and I am employed in the County of San Francisco, State of California. I am over eighteen (18) years of age and not a party to the above-entitled action. My business address is 44 Montgomery Street, Suite 3850, San Francisco, CA 94104. On the date below, I served the following document:

**JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER**

on the below-named parties and/or counsel of record by the manner indicated:

Jack W. Lee, Esq.
John Ota, Esq.
Lisa Charbonneau, Esq.
Minami Tamaki LLP
360 Post Street, 8th Floor
San Francisco, CA 94108
Tel: 415/788-9000

*Attorneys for Plaintiffs*
*Ibrahim E. Kurtcu, on behalf of himself and others similarly situated*

```
Fax: 415/398-3887
jlee@minamitamaki.com
jota@minamitamaki.com
lcharbonneau@minamitamaki.com
egoldwasser@minamitamaki.com
pdomin@minamitamaki.com
stamura-sato@minamitamaki.com
cfung@minamitamaki.com
cparker@minamitamaki.com
gsumagaysay@minamitamaki.com
pdomin@minamitamaki.com
```

**XXX** *Electronic Mail, I caused a true copy of the said document to be delivered electronically to the above e-mail addresses via the United States District Court–Northern District of California's Electronic Case Filing (ECF) System.*

on the below-named parties and/or counsel of record by the manner indicated:

Daniel Feinberg, Esq.  *Attorneys for Plaintiffs*
Lewis Feinberg, Esq.  *Ibrahim E. Kurtcu, on behalf of*
Renaker & Jackson P.C.  *himself and others similarly situated*
1330 Broadway, Suite 1800
Oakland, CA 94612
Tel: 510/839-6824
Fax: 510/839-7839

**XXX** *U.S. Mail, I caused a true copy of the said document to be placed in a sealed envelope with First Class postage prepaid, and deposited for collection at San Francisco, California pursuant to ordinary business practices. I am readily familiar with this firm's practice for collection and processing of documents for mailing with the U.S. Postal Service.*

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and this declaration was executed on July 31, 2008, at San Francisco, California.

/s/
Du'Ana K. McGee